## Margaret Cotter, Defendant in Error, v. Eugene Sullivan, Plaintiff in Error.

### Gen. No. 15,639.

1. HUSBAND AND WIFE—*when former competent as witness.* A husband is competent as a witness for his wife if the controversy concerns her separate property.

2. EVIDENCE—*when incompetency of witness cannot be relied upon.* In order to preserve for review the question of the competency of a witness an objection to such competency must have been made in the trial court.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 1, 1911.

JOSEPH MAHON, for plaintiff in error.

THOMAS C. KENNEDY, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error to the Municipal Court of Chicago to reverse a judgment in favor of Margaret Cotter against Eugene Sullivan for $252.50. The source of the litigation was an alleged misrepresentation of facts by Sullivan to Mrs.

Cotter concerning the title to some real estate which her husband had deeded to her on a separation that had taken place between them.   Sullivan, according to her testimony, told her there was a lien of a judgment on it in his, Sullivan's favor, when, as a matter of fact, there was none, and by means of such false representation secured from her the execution in his favor of a mortgage and notes for $210 and interest, which were paid by her to him before she discovered that they had been thus fraudulently obtained.

The evidence was conflicting, but there was enough in favor of the plaintiff to sustain the judgment rendered by the Municipal Court, which tried the case without a jury. We do not feel justified in reversing it as against the clear preponderance of the evidence.

The only other point made by the plaintiff in error is that the husband of Mrs. Cotter was allowed to testify in her behalf.

When the husband, James Cotter, was offered as a witness, no objection was made to his testifying.   Objections on entirely different grounds were made to certain questions asked him, but none to his being a competent witness.   This probably was because he *was* a competent witness.   The claim of the plaintiff against the defendant was her separate property. The transactions out of which it arose were concerning her separate property, and she was at the time living separately from her husband.   The case was one, therefore, in which the Evidence Statute of Illinois (chapter 51 of the Revised Statutes) allows the husband to testify.

The judgment is affirmed.

*Affirmed.*