John Martin Bergman, a Minor, by Shirley Bergman, His Mother and Next Friend, Plaintiff-Appellant, v. Board of Education of the City of Chicago, a Body Politic and Corporate, and the City of Chicago, a Municipal Corporation, and Audubon Grammar School, Defendants-Appellees.

Gen. No. 48,141.

First District, Third Division.

March 22, 1961.

 █ 

Harold I. Levine, of Chicago (Carl B. Aplon, Arnold Alexander and Lewis Bennet, of counsel) for appellant.

Frank R. Schneberger, of Chicago (Frank S. Righeimer, James W. Coffey, John T. Mehigan and Richard E. Girard, of counsel) for appellees.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an action in tort against the Board of Education of the City of Chicago for personal injuries sustained by plaintiff while a student at the Audubon Grammar School. The trial court sustained a motion to strike and dismissed the suit. The sole question is whether defendant, a school district, is immune from liability in this case.

The accident occurred on May 28, 1959, six days after the Supreme court of this state had rendered its opinion in Molitor v. Kaneland Community Dist. No. 302, 18 Ill.2d 11, 163 N.E.2d 89, holding that school districts are not immune from liability, contrary to the holdings prior to that time. A petition for rehearing was granted, and on December 16, 1959 the Supreme court handed down an opinion reiterating its former decision, but providing for an effective date in the following language (pages 26–27) : ". . . justice will best be served by holding that, except as to the plaintiff in the instant case, the rule herein established shall apply only to cases arising out of *future occurrences*." (Emphasis supplied.)

Plaintiff contends that the phrase "future occurrences" means after May 22, 1959, the date of the original opinion. Defendant contends that it means after December 16, 1959, the date the second opinion was filed.

In two cases involving the question of the effective date of the Molitor decision—Peters v. Bellinger, 19 Ill.2d 367, 166 N.E.2d 581 (1960) and List v. O'Connor, 19 Ill.2d 337, 167 N.E.2d 188, the accidents occurred long before the first Molitor opinion, and the courts denied relief. There was no occasion to consider the precise question involved in the instant case. In the Peters case, however, the court used some significant language bearing on the interpretation of the words "future occurrences" as follows, page 369:

> "We do not reach the question of applicability of the Molitor holding to this case since the cause of action here arose on July 20, 1956, long before December 16, 1959, the effective date of the Molitor opinion, which struck down the doctrine of governmental immunity. Those municipal and quasi-municipal corporations which have enjoyed immunity in the past continue to enjoy it until December 16, 1959."

That language reveals the intention of the Supreme court to make clear that the phrase "future occurrences" as used in the Molitor opinion covers accidents occurring on and after December 16, 1959.

In Lynwood v. Decatur Park Dist., 26 Ill. App.2d 431, 435, 168 N.E.2d 185, the date of the occurrence was January 22, 1959, several months before the first Molitor opinion, but the court had occasion to consider the effective date of the Molitor decision, and said:

> "However, since the decision in the Molitor case is to be applied prospectively only as of December

67

16, 1959, it can have no application to the instant case. . . ."

Plaintiff contends that the rehearing granted in the Molitor case was a restricted rehearing and that therefore the original opinion filed May 22, 1959 controls, except as modified. He relies on Colesar v. Star Coal Co., 255 Ill. 532, 99 N. E. 709, where the court said, page 544:

"Upon the unrestricted granting of the petition for rehearing the whole case was re-opened and came up for consideration just as though no judgment had ever been entered and no opinion filed."

Plaintiff assumes that it follows from that language that a *restricted* rehearing would leave the date of the filing of the original opinion as the effective date of the decision. We do not agree that such a conclusion follows, but it is not necessary to pass on that question since plaintiff has not shown that the rehearing in the Molitor case was restricted. His conclusion is derived from a comparison of the two Molitor opinions. He argues that the opinion on rehearing incorporates, word for word, the original opinion with respect to the abolition of immunity. This, he says, demonstrates that there was no intention to modify the decision of May 22, 1959 as to events occurring after that date, and that the rehearing was limited in scope to a consideration as to whether the cause of action existed prior to May 22, 1959 so as to allow the plaintiff to have the benefit of his appeal. This appears to us to be an effort to read the collective mind of the court at the time the order for rehearing was granted. Whether a hearing is restricted or unrestricted must depend on the order granting the petition for rehearing. It cannot be made to depend on such uncertainties as inferences or deductions drawn from opinions. We are not referred to anything in the order granting the re-

hearing which restricted its scope, and we therefore conclude that the whole case was reopened and came up for reconsideration as though no judgment had ever been entered. Colesar v. Star Coal Co., supra; State Public Utilities Com. v. Pittsburgh C. C., & St. L. R. R., 290 Ill. 580, 125 N. E. 495; Becker v. Billings, 304 Ill. 190, 136 N. E. 581.

Plaintiff seeks to derive some support for his position from Sections 821–31 of the School Code (Ill. Rev. Stat. Ch. 122, Secs. 821–31 (1959)). Section 830 of that act expressly states that no cause of action is thereby created. The legislative intent appears to have been to limit recovery "if there is liability imposed by any court." (Sec. 821.) It has no bearing on the question involved in the instant case.

Judgment affirmed.

McCORMICK and DEMPSEY, JJ., concur.