(No. 36428.—

*In re* WILL OF LENA LORTZ.—(ELIAS W. DARMSTATTER, Appellant, *vs.* ELSIE HESSE *et al.,* Appellees.)

*Opinion filed November 30, 1961.*

F. E. MERRILLS, of Belleville, for appellant.

KASSLY, CARR & BONE, of East St. Louis, and W. E. ACKERMANN, of Belleville, (HOMER LORTZ, of counsel,) for appellees.

* Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

The probate court of St. Clair County refused to admit to probate a codicil executed by the testatrix, Lena Lortz, and submitted by her nephew, Elias W. Darmstatter, herein referred to as plaintiff. That judgment was affirmed by the Appellate Court, and we granted plaintiff leave to appeal.

The issue before this court is the propriety of the probate court's rejection of the codicil on the ground that it was barred by a prior irrevocable joint will executed by testatrix and her now deceased husband.

From the record it appears that George Lortz and his wife Lena Lortz jointly executed a will on September 17, 1947, giving their property, after the payment of enumerated expenses, to the surviving testator. The will further provided that after the death of that survivor, or after their death at the same time, the property was to be sold and the

---

* This opinion was prepared by the late Mr. CHIEF JUSTICE BRISTOW and was adopted and filed as the opinion of the court.

proceeds distributed by specific monetary gifts to designated sisters, nieces, nephews, grand nieces and grand nephews of both testators. Any residue of the corpus was to be allocated among the legatees named in the same proportion that their specific bequests bore to the total amount of the gifts.

George Lortz died March 13, 1948, and the foregoing instrument was admitted to probate as his will. There was an inheritance tax proceeding, and according to the tax return admitted in evidence herein, there was $72,895.28 held in joint tenancy, which passed to the widow Lena Lortz. On April 20, 1951, the testatrix Lena Lortz executed an instrument designated "Codicil." It provided that certain monetary bequests to designated nephews and a niece under the joint will be increased from $500 to $1000, and also bequeathed to the nephew Elias W. Darmstatter, plaintiff herein, certain preferred stock, as an additional gift, "in appreciation of the valuable assistance and advice given to my husband and me in matters of investments." The codicil further provided: "In all other respects I hereby confirm my will made jointly with my husband George Lortz on September 17, 1947."

Lena Lortz died on December 9, 1959, and the codicil was submitted for probate by the plaintiff, along with testimony of the subscribing witnesses that it was executed in accordance with the statutory requirements, and with proof of death and of heirship. It appears further from the record that the scrivener of the joint will is dead.

The probate court refused to probate the codicil, and its judgment was affirmed by the Appellate Court on the ground that the codicil would have materially changed the joint will, and since the surviving testator took property under that joint will, she could not subsequently modify its terms.

In our recent decision in the *Baughman* case (*In re Estate of Baughman,* 20 Ill.2d 593) we held that the inquiry in a probate court is limited to whether a proffered instrument is the last will of the decedent and executed

according to the statutory requirements free of fraud, forgery, compulsion and improper conduct. We stated further that the issue of whether a joint will was executed pursuant to an agreement not to revoke, or is itself a contract not to revoke, should not properly be considered by the probate court, but should be determined in a contract action or in a chancery proceeding. Consequently, it was not within the province of the probate court to consider that as an issue in this case, and since it was not properly before the probate court, the Appellate Court had no authority to consider it upon review. Therefore, the judgment of the Appellate Court affirming the probate court is reversed and the cause remanded to the probate court, with directions to admit the codicil.

*Reversed and remanded, with directions.*