**Bertha Coleman, Plaintiff-Appellee, v. Estelle Scott, Defendant-Appellant.**

**Gen. No. 50,835.**

First District, Third Division.

November 3, 1966.

Howard T. Savage and Theodore B. Howard, of Chicago, for appellant.

Kohler & Merrick, of Chicago (Vincent F. Kohler, Terrance J. Van Driska and James W. Womack, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered on January 5, 1965, by a magistrate of the circuit court, municipal division, in the amount of $10,000, and from an order denying a subsequent petition to vacate the judgment.

On March 31, 1959, an action for damages for personal injuries was filed by the plaintiff against the defendant. Thereafter the defendant filed an answer. On September 23, 1964, the case came on for trial and was held to the following day for the defendant's attorney to appear. On September 24, 1964, a default order was entered. Neither the defendant nor her attorney appeared, and a prove-up of the case was continued to October 26, 1964. On that date the prove-up was again continued to November 27, 1964, and again to December 11, 1964. On this last date the attorney for the defendant appeared and requested a continuance of the prove-up. The case was then continued until January 5, 1965. Neither the defendant nor her attorney appeared on the final date when the cause proceeded to trial before a jury, which returned a verdict in the amount of $10,000 in favor of the plaintiff. Judgment was entered upon said verdict.

The defendant filed a "Petition for Writ in the Nature of Error Coram Nobis under Section 72," by virtue of which the defendant sought to have the judgment of the court vacated on the theory that the magistrate of the circuit court did not have jurisdiction of the subject matter because the ad damnum in the complaint was $10,000.

At the time of the entry of judgment in this case the matter of assignments to magistrates was covered by statute under "An Act to limit or define matters to be

assigned to magistrates. Approved August 9, 1963. Effective January 1, 1964." Section 1 of the above act (Ill Rev Stats 1963, c 37, par 621) read as follows:

"Subject to rules promulgated by the Supreme Court, the chief judge in each circuit or any judge designated by him may assign to magistrates, severally or by designation of office, by class or category of case, or in specific instances the matters set forth in this Act."

Section 2 of the above act provided in part as follows:

"Civil proceedings assignable to magistrates are as follows:
"(a) When the amount of money or damages or the value of personal property claimed does not exceed $5,000;
"(1) actions for the recovery of money only arising on contracts, express or implied; actions for damages for injury to person, property or reputation or for taking or detaining personal property, or for fraud;
" . . ."

We might note here that the General Assembly in its 1965 session, after the entry of judgment in the instant case, increased the amount in actions for damages for injury to person to $10,000, which were thereafter assignable to magistrates of the circuit court.

Article VI of the Illinois Constitution of 1870 was amended and became effective on January 1, 1964. This article is commonly referred to as the Judicial Article. Section 8 of Article VI of the Illinois Constitution now provides in part as follows:

"There shall be one Circuit Court for each judicial circuit which shall have such number of circuit and associate judges and magistrates as may be prescribed by law; . . .

"The General Assembly shall limit or define the matters to be assigned to magistrates."

Section 9 of Article VI of the Illinois Constitution reads as follows:

"The Circuit Court shall have unlimited original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law."

Since under the Judicial Article the circuit court for each judicial circuit is composed of circuit and associate judges and magistrates as may be prescribed by law, and since the circuit court has unlimited original jurisdiction of all justiciable matters under the Judicial Article, we believe that without a constitutional limitation or defining of the matters to be assigned to the magistrates by the General Assembly, the magistrates likewise would have had unlimited original jurisdiction of all justiciable matters.

Paragraph 9 of the schedule to Article VI of the Illinois Constitution provides as follows:

"Paragraph 9. Until otherwise prescribed by the General Assembly, the cases assigned to magistrates shall be those within the jurisdiction of justices of the peace and police magistrates immediately prior to the Effective Date of this Article."

The General Assembly, at the time of the judgment in this case, had limited or defined the matters to be assigned to magistrates, and among such matters it limited the amount of damages in actions for injuries to person to $5,000. However, the legislature by section 8 of the same act (Ill Rev Stats 1963, par 628) passed the following:

"Sec. 8. All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. No order or judgment

is void or subject to collateral attack merely because rendered pursuant to improper assignment to a magistrate."

There is no question but that this case was improperly assigned to a magistrate under the law as it then existed, however, no objection was made by the defendant to the assignment of the cause to a magistrate prior to trial. In "A Blueprint for the Magistrate System," 51 IBJ 696, 703, the author stated: "Erroneous assignment is to be treated as erroneous venue, subject to waiver unless timely objection made." We do not believe that a magistrate, who is a judicial officer of the circuit court, lacked jurisdiction of the subject matter. His powers under the Constitution itself are not limited; however, by the Constitution the General Assembly is required to limit or define the matters to be assigned to magistrates. Since the legislature is required to limit or define the matters to be assigned to magistrates, it also has the power to limit the time within which the propriety of an assignment to a magistrate can be raised and when it is waived. The language of Article VI of the Constitution did not in any way limit the powers or jurisdiction of magistrates of the circuit court. The statute merely defined cases assignable to magistrates, which we construe to be a matter of venue and not one of jurisdiction.

The defendant has cited the cases of Town of Audubon v. Hand, 223 Ill 367, 79 NE 71, and Town of Kingston v. Anderson, 300 Ill 577, 133 NE 347. In Town of Audubon, supra, the court held that because a freehold was involved the appellate court had no jurisdiction to entertain an appeal and should have dismissed it. Town of Kingston, supra, involved a condemnation of private property for a private road. On page 582 the court said:

"Every paper found in the proceeding to lay out the road describes it as a private road, and the entire record seems plainly to indicate that the purpose

was to lay out a road for the sole use and benefit of the petitioner and for no public use or benefit whatever. It would therefore follow that the commissioner and justice of the peace had no jurisdiction of the subject matter and the proceeding was void and of no effect, and the county court, on appeal, could not by any amendment acquire jurisdiction of the subject matter."

We cannot see in what manner these cases can be helpful to the defendant.

In People v. Village of Lyons, 400 Ill 82, 79 NE2d 33, the court said on page 90:

"Where a court has jurisdiction of the subject matter and may take jurisdiction of a particular case if certain conditions exist, and no objection is raised to the exercise of jurisdiction, a party will be deemed to have waived the jurisdictional question."

For the foregoing reasons the judgment of the court entered on January 5, 1965, and the order of the court denying the petition for Writ in the Nature of Error Coram Nobis pursuant to section 72 of the Civil Practice Act are affirmed.

Judgment and order affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.