People of the State of Illinois for the Use of John E. Cullerton, Director of Labor of the State of Illinois, Plaintiff-Appellee, v. John N. Crawford, Sr., d/b/a South Parkway Insurance Service, Defendant-Appellant.

Gen. No. M–51,332.

First District, Fourth Division.

March 3, 1967.

Rufus Sampson and R. E. Spurlark, Jr., of Chicago, for appellant.

William G. Clark, Attorney General, of Chicago (Richard A. Michael and Philip J. Rock, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a judgment entered against the defendant in an action for debt (to collect taxes), brought by the plaintiff on a determination and assessment made by the Director of Labor under the provisions of the Unemployment Compensation Act. In this appeal defendant urges various improprieties with regard to the judgment and also argues that the court erred in striking certain of his interrogatories.

In paragraph 1 of its complaint (filed on January 4, 1965) plaintiff alleged that under authority of the Illinois Unemployment Compensation Act certain unemployment compensation contributions, interest and penalties were determined and assessed against the defendant. In paragraph 2 plaintiff alleged that:

Defendant(s) filed with the Director a timely written protest and petition for hearing; a hearing was

held; the Director rendered his decision affirming or modifying said determination(s) and assessment(s); duly served a copy of said decision and defendant(s) failed to file complaint to review said decision or cause to be issued summons within 35 days from the date of such service as provided under Section 4 of the Administrative Review Act of Illinois (Chapter 110, Paragraph 267, Illinois Revised Statutes 1963) whereupon, the said determination(s) and assessment(s) became final.

Defendant filed a verified answer on August 3, 1965, and neither admitted nor denied the allegations set forth in paragraph 2 of the complaint. In his answer defendant denied that the Act was applicable to him and also alleged that the Act deprived him of his constitutional right to a trial by jury. On November 5, 1965, defendant served interrogatories upon the plaintiff. These interrogatories were directed to the issues as allegedly determined at the hearing and to the allegations set forth in paragraph 2 of plaintiff's complaint as aforesaid. On November 24 plaintiff filed a motion to strike the interrogatories as irrelevant and immaterial, which was sustained on December 15. On January 7, 1966, plaintiff filed a motion to strike defendant's answer and for judgment, which was sustained on February 25, 1966. In accordance therewith judgment was entered for the plaintiff.

The provisions of the Unemployment Compensation Act (Ill Rev Stats 1965, c 48, §§ 300–820) relating to administrative investigations, hearings, decisions and collection are constitutional. The principles of law are analogous to those enunciated by the Illinois Supreme Court in Department of Finance v. Cohen, 369 Ill 510, 516–517, 17 NE2d 627, relating to the Retailer's Occupation Tax Act:

The statute sets forth with great detail the matters which must go into the monthly return, and lays a guide which, when followed, leaves nothing open for arbitrary discretion. The legislature cannot deal with the details of every particular case, and reasonable discretion as to the manner of executing a law must necessarily be given to administrative officers. . . . The sections of the statute complained of do not violate the constitution by investing administrative officers with judicial powers, and the objection that appellant is deprived of property without due process of law has already been adversely decided in Reif v. Barrett, supra, [355 Ill 104]. Moreover, . . . the act provides a method of reviewing the action of the department. . . .

 In his answer defendant alleges that he was deprived of his right to a trial by jury. It is well settled, however, that a defendant is not entitled to a trial by jury in tax proceedings before an administrative agency. Hoffman v. Department of Finance, 384 Ill 494, 30 NE 2d 34. Nor does the requirement that the defendant must file his complaint for judicial review within 35 days after the decision of the administrative agency violate any of his constitutional rights.

We find that defendant was not deprived of any constitutional right by the Unemployment Compensation Act or by the Administrative Review Act.

██ ██ In his answer defendant also alleged that the provisions of the Unemployment Compensation Act were not applicable to him. However, since no judicial review was sought the issue was not properly before the trial court. A person seeking judicial review of an administrative decision must act promptly and within the time prescribed by the statute. Pearce Hospital Foundation v. Illinois Public Aid Commission, 15 Ill2d 301, 154 NE

2d 691. Since no review was sought the assessment became final and cannot be attacked on its merits.

 No issues were raised for the court's determination by defendant's answer. Therefore the court properly allowed the plaintiff's motion to strike the answer and to enter judgment in plaintiff's favor.

 In his notice of appeal defendant asserts that his interrogatories were improperly stricken by the court. They related either to the merits of the claim or to whether plaintiff complied with the procedural requisites set forth in the Unemployment Compensation Act for assessing a tax claim. Those interrogatories relating to the merits of the claim were properly stricken because the issue was not properly before the court (defendant not having filed for judicial review). Those interrogatories relating to whether there had been compliance with the procedural requisites were properly stricken because no issue had been created by the pleadings. In paragraph 2 of its complaint plaintiff alleged that it had complied with the procedural requisites of the Unemployment Compensation Act, and further alleged that defendant failed to file a complaint to review the determination and assessment within the time allowed by the Administrative Review Act of Illinois (Ill Rev Stats 1965, c 110, § 267). In his verified answer defendant did not deny those allegations nor did he state that he had insufficient knowledge to form a belief. Section 40(2) of the Illinois Civil Practice Act (Ill Rev Stats 1965, c 110, § 40(2)) provides that:

> Every allegation, except allegations of damages, not explicitly denied is admitted, unless the party states in his pleading that he has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny.

Where the allegations of plaintiff's complaint are admitted no issue is created by the pleadings.

 Defendant urges for the first time on appeal that he was denied equal protection of the law because the judgment in the instant case was entered by a magistrate and the tenure of that office is uncertain. A magistrate is a full judicial officer (Coleman v. Scott, 76 Ill App2d 417, 222 NE2d 5) and actions to collect taxes are properly assignable thereto. Ill Rev Stats 1965, c 37, § 622(a)(6). Furthermore, all objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. Ill Rev Stats, 1965, c 37, § 628. Defendant, having failed to interject a timely objection, is foreclosed from urging error at this point.

We find that the rulings of the trial court were proper and therefore the judgment is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.