(No. 40407.—)

BERTHA COLEMAN, Appellee, *vs.* ESTELLE SCOTT, Appellant.

*Opinion filed November 30, 1967.*

HOWARD T. SAVAGE and THEODORE B. HOWARD, both of Chicago, for appellant.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This is a proceeding brought by defendant Estelle Scott under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1965, chap. 110, par. 72) to vacate a $10,000 judgment entered against her on January 5, 1965. The circuit court of Cook County denied her petition, and the order was affirmed by the appellate court (*Coleman* v. *Scott,* 76 Ill. App. 2d 417). We granted her leave to appeal further to this court. No brief has been filed by the plaintiff.

The original action was begun in 1959 in what was then the municipal court of Chicago. It was a suit by a tenant against her landlady for personal injuries which the plaintiff claimed she sustained because of defects in the floor of the premises. She prayed damages in the amount of $10,000. Defendant filed an answer but failed to appear when the case came on for trial. Plaintiff then obtained a default order, and after several continuances the case was set for a prove-up on January 5, 1965. Neither defendant nor her attorney was present on that date and the cause was heard on the plaintiff's evidence alone, after which a jury returned the $10,000 verdict upon which judgment was entered.

By the present proceedings the defendant seeks to vacate the judgment on the ground, *inter alia,* that the cause was assigned for trial before a magistrate, and that at that time the law limited such assignability to cases where the damages do not exceed $5,000. It is alleged that because the *ad damnum* in the complaint was $10,000 the magistrate was without jurisdiction and the judgment was void.

By the new judicial article of the constitution, effective January 1, 1964, the General Assembly is directed to "limit or define the matters to be assigned to magistrates." (Ill. Const. art. VI, sec. 8.) At the time of this case an act was in effect providing in part that personal injury actions are assignable to magistrates when the amount of money or damages claimed "does not exceed $5,000." (Ill. Rev. Stat. 1963, chap. 37, par. 622.) It is evident therefore that the present case, in which the amount claimed is $10,000, was improperly assigned to a magistrate. The question here, however, since defendant was not present and made no objection, is whether the error is jurisdictional. We think it is clear that there is no absence of jurisdiction. In further compliance with the general constitutional directive the General Assembly has expressly provided that "All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because rendered pursuant to improper assignment to a magistrate." (Ill. Rev. Stat. 1963, chap. 37, par. 628.) These provisions are a plain answer to the defendant's contention, making further discussion unnecessary. The appellate court correctly held that jurisdiction was present.

The judgment of the Appellate Court, First District, is affirmed.

*Judgment affirmed.*