**In the Matter of the Estate of James Douglas Lockwood, Deceased.**

Gen. No. 69–83.

Fifth District.

June 2, 1970.

Conger & Elliott, of Carmi, for appellant.

Robert S. Hill, of Benton, for appellee.

MORAN, P. J.

This is an appeal from an order of the Circuit Court of Hamilton County denying probate to a will of James D. Lockwood, deceased, dated December 9, 1967, and a will dated August 3, 1968 with two codicils thereto dated October 2, 1968, and October 30, 1968. The court admitted to probate the will of James D. Lockwood, deceased,

dated October 26, 1966, and appointed Anna L. Nunley as Administratrix with will annexed.

Jewell E. Lockwood filed a verified petition to probate the will of James D. Lockwood dated August 3, 1968, expressly revoking all prior wills and two codicils thereto dated October 2, 1968, and October 30, 1968. In the same proceeding Anna L. Nunley filed a verified petition to probate a will of James D. Lockwood, deceased, dated December 9, 1967, and at the same time filed an alternative petition to probate another will dated October 26, 1966, which was a joint will of James D. Lockwood and Daisy L. Lockwood, husband and wife, both deceased. She also filed a motion to deny probate of the will dated August 3, 1968, and the codicils thereto, claiming that the joint and mutual will dated October 26, 1966, showed on its face a contract for the disposition of the entire estate proved by the will itself which could not be revoked by the later will and codicils.

At the probate hearing the execution of each will and each codicil was established by competent evidence sufficient to admit each to probate insofar as the testimony of the attesting witnesses is concerned. The court denied probate to the will dated December 9, 1967, without comment and then found that when James D. Lockwood and Daisy L. Lockwood executed their will of October 26, 1966, it was their intention to make a joint will and that the existence of a contract not to revoke that will was in the terms of the will itself. The court also found that after the death of Daisy L. Lockwood, the joint will was admitted to probate in her estate and became binding upon James D. Lockwood and could not be revoked by him, citing In re Estate of Weaver, 71 Ill App 2d 232, 217 NE2d 326. The court then admitted the joint will dated October 26, 1966, to probate and appointed Anna L. Nunley as administratrix with will annexed,

since the appointed executor under that will was deceased.

The issue presented for review is whether probate can be denied the last will of a testator in a probate proceeding on the grounds that there is a prior joint and mutual will, or whether the rights sought to be established under that instrument must be asserted in another proceeding. The trial court correctly noted that prior to the new Judicial Article effective January 1, 1964, the Probate Court did not have jurisdiction to determine the validity or construction of a prior revoked joint will as a contract not to revoke, but that under section 69 of the Probate Act (Ill Rev Stats 1959, c 3, par 221), the jurisdiction to be exercised and the issue to be decided as to which of the proffered instruments was the last will of the testator executed in compliance with the statutory requirements, and the question of whether such a joint will was made pursuant to a contract not to revoke and whether such contract was breached, was a question solely within the jurisdiction of the Circuit Court in an action on the contract or a suit in Chancery to establish a constructive trust, citing In re Estate of Baughman, 20 Ill 2d 593, 170 NE2d 557. The trial court then went on to note that since the Judicial Article, there is now only one Circuit Court of general jurisdiction which eliminates the jurisdictional problems raised in Baughman.

In In re Estate of Weaver, supra, the Appellate Court permitted the consideration of the same factual situation on the merits. That court noted:

". . . The new article, however, did away with the Probative Court and many of these jurisdictional problems. Neither party here argues that the Probate Division of the Circuit Court is not the proper place for a determination of the issues presented. That being so, we feel that the Probate Division had

441

the power to rule on the issues presented in this case." 71 Ill App2d 232, 217 NE2d 326 at 239.

However, in the present case the proponent of the will dated August 3, 1968, and codicils thereto, raised a sufficient objection at trial and has argued this point on appeal.

Prior to the new Judicial Article it had been held that in a proceeding under section 69 of the Probate Act to admit a will to probate "the inquiry in a probate court is limited to whether a proffered instrument is the last will of the decedent and executed in accordance with the statutory requirements, free of fraud, forgery, compulsion and improper conduct." In re Will of Lortz, 23 Ill2d 344, 178 NE2d 298, at 346. See also Berndtson v. Heuberger, 21 Ill2d 557, 173 NE2d 460; Shepherd v. Yokum, 323 Ill 328, 154 NE 156. Several decisions rendered since the new Judicial Article indicate that the scope of inquiry at a probate hearing is still appropriately limited to the issues set forth in section 69, notwithstanding the result in the Weaver case.

In In re Pickens Estate, 104 Ill App2d 446, 244 NE2d 642, it was held that the issue of undue influence which is not one of the defenses enumerated in section 69 is not within the realm of inquiry under section 69 and should be raised in an appropriate proceeding brought under section 90 of the Probate Act. And in Estate of Meskimen, 84 Ill App2d 471, 228 NE2d 255, the court held that the admission of a trust agreement is not part of the procedure for the admission of a "pour over" will to probate and quoted Shepherd v. Yokum, supra, with approval that "when a will is offered for probate in the Probate Court the only testimony to be heard in that court as to the due execution of the will and the competency of the testator to execute it is that of the attesting witnesses."

Finally, in Ruffing v. Glissendorf, 41 Ill2d 412, 243 NE2d 236, the Supreme Court rejected the argument that

442

the new Judicial Article abolished the limitations on the character of evidence that may be introduced by a contestant at a hearing to admit a will to probate. The court reaffirmed the former cases construing the purpose and intent of section 69 and the rule that the probate hearing is to determine whether the will has been executed with the formalities required by statute and that contestants may only introduce competent evidence for the purpose of showing fraud, forgery, compulsion or other improper conduct, stating at 422:

> ". . . It is not apparent to us why the 'original jurisdiction of all probate matters' formerly possessed by the probate court and now possessed by the circuit court would change the manner of proving a will under section 69."

Our holding that the issue of whether a prior joint will was executed pursuant to a contract not to revoke is not within the realm of inquiry under section 69 of the Probate Act does not preclude this contention being made in a subsequent appropriate action.

Accordingly, the order of the Circuit Court of Hamilton County admitting the joint will and denying the last will of James D. Lockwood to probate is reversed and remanded to that court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.