*In re* ESTATE OF DOMINIC MARCUCCI, Deceased—(DANIEL MARCUCCI, Petitioner-Appellant, *v.* EMIL MARCUCCI, Respondent-Appellee.)

(No. 54256;

First District—August 31, 1971.

*Supplemental Opinion—May 16, 1972.*

STAMOS, P.J., dissenting.

Louis W. Reinecker and Harry J. Myerson, both of Chicago, (John J. O'Toole and Alan E. Sohn, of counsel,) for appellant.

Eugene J. Rudnik and Stanley Werdell, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This appeal involves a controversy concerning which of three wills of a testator is entitled to probate. Appellant Daniel Marcucci petitioned to admit what he claimed was a joint and mutual will. Appellee Emil Marcucci petitioned to admit the last of three wills executed by the testator. Although the parties proliferate the issues presented for review, dispositive of this appeal are two questions. 1. Whether in the first of three testamentary documents, the testator made a joint, mutual and irrevocable will. 2. Whether a magistrate assigned to the probate division of the circuit court can decide that of three testamentary documents of a testator, the first was a joint, mutual and irrevocable will. The facts which give rise to this controversy are not in dispute.

On May 12, 1950, Dominic Marcucci and Maria, his wife, executed "[o]ur joint and several last wills and testaments," which gave to the survivor "[t]o have and to hold unto his or her heirs, executors, administrators and assigns forever" all the property left by the one who predeceases. In the third paragraph, the joint testators provided that in the event their deaths were in a common disaster or contemporaneous, then their four sons Daniel (a/k/a Donato), John, Matthew and Emil were to take the estate in equal shares. Maria Marcucci died before Dominic; and on November 13, 1952, the joint will was admitted to probate as her will. Her estate was administered and in its entirety, it devolved to Dominic Marcucci.

On December 10, 1957, Dominic, in the office of a lawyer executed "[t]his my Last Will and Testament." After directing payment of his debts and funeral expenses, he devised and bequeathed all of his property, share and share alike, to the four sons named in the joint will. Then on January 15, 1958, he executed another will in which he de-

vised and bequeathed "[u]nto my beloved children namely: Daniel (a/k/a Donato) Marcucci, the sum of Ten ($10.00) Dollars; John Marcucci, the sum of One Hundred ($100.00) Dollars; Matthew Marcucci, the sum of One Hundred ($100.00) Dollars." He devised and bequeathed "[u]nto my beloved son, Emil Marcucci, the balance of all my property, both real and personal, wherever situated and whatever kind of which I may die possessed." Dominic Marcucci died on November 27, 1967. His heirs were his sons, Daniel, Matthew, Emil and two children of John who had predeceased him.

On February 14, 1968, a petition was filed to probate the will dated December 10, 1957. Later, in the same proceeding, appellant petitioned to admit the joint will. Appellee petitioned to admit the last of Dominic Marcucci's three wills. Hearing of the petitions was set; and pursuant to statute, all interested parties were notified. On October 9, 1968, with a magistrate of the circuit court presiding, the petitions were called. When the hearing began, the following colloquy ensued:

"The Court: Are all the attorneys present and in court? Do they all have their appearances on file? Let the record show all attorneys responding yes.

Gentlemen, in view of the fact that this is a contest, do you wish the Court to proceed with the ordinary questions that we ask of the witnesses as far as the execution of the documents are concerned, or do you want to put on your own cases concerning the execution of whatever wills we're going to testify to?

Mr. Cummingham (Attorney for appellee): I would prefer to have the Court do it.

The Court: Does anyone have any objection?"

No objection was made. Evidence was heard and after one continuance the hearing was completed. The magistrate heard arguments of the parties. Appellant argued that from the proof, the will dated May 12, 1950, was the prior, joint, mutual and irrevocable will of Dominic Marcucci; and that it, over the others, was entitled to probate. Appellee, on the other hand, argued that the question before the court was which of the proposed wills was last executed in accordance with section 69 of the Probate Act, Ill. Rev. Stat. 1967, ch. 3, §69. After hearing the arguments, the magistrate announced "[t]he finding of this court is that the document dated May 12, 1950, being a valid joint will, will be admitted to probate as to Dominic Marcucci; and the petitions for admission to probate for letters testamentary of documents [sic] dated December 10, 1957, and January 15, 1958, will be denied." On October 24, 1968, appellant was appointed executor of the estate of Dominic Marcucci under the will of May 12, 1950.

Within 30 days, appellee filed a post-hearing motion contending that the magistrate erred in admitting the joint will because the court had only the jurisdiction to determine which of Dominic Marcucci's wills was last executed in compliance with the statute; that the will the magistrate admitted was not irrevocable; and that the order appointing appellant executor of Dominic Marcucci's estate was void for want of jurisdiction of the subject matter. Appellant answered the post-hearing motion. The cause was continued from time to time and on April 24, 1969, the magistrate (a) set aside the orders of October 24, 1968, (b) dismissed the petitions to admit the joint will and the will dated December 10, 1957, (c) revoked the letters testamentary issued to appellant, (d) admitted as the last will and testament of Dominic Marcucci the will dated January 15, 1958, with letters testamentary to appellee appointing him executor of the estate and (e) ruled on appellant to file his first and final account and report.

Appellant contends that it was error to vacate the orders which admitted the joint will and appointed him executor because it was a will that became irrevocable after the death of Maria Marcucci in 1952. To meet this contention, appellee argues that the joint will was revocable because it did not contain a contract not to revoke, either express or implied; therefore, Dominic Marcucci was free to execute the will dated January 15, 1958.

■■■ A will that is both joint and mutual is one executed jointly by two or more persons, with provisions which are reciprocal and show that they are made one in consideration of the other. (*Frazier v. Patterson*, 243 Ill. 80, 84, 90 N.E. 216.) A joint and mutual will may be executed pursuant to a contract or may itself constitute a contract, which, after the death of one maker will, under appropriate circumstances, be enforced by a court applying principles of equity. (*In re Estate of Baughman*, 20 Ill.2d 593, 170 N.E.2d 557.) When a joint will is executed by husband and wife, there will arise a presumption that the execution was the result of mutual trust and confidence. When evidence proves that the joint will was mutual, and one dies leaving the other to benefit from its provisions, the will is irrevocable; the survivor is bound to convey the property he acquired through the will in accordance with its terms. *Helms v. Darmstatter*, 56 Ill.App.2d 176, 205 N.E.2d 478.

■■ Whether the joint will of May 12, 1950, was a mutual will, whether there was a contract that bound the surviving testator to its terms so as to make it irrevocable, were questions for a trial court to decide from examination of the will itself and consideration of evidence which could disclose such an arrangement. (See *In re Brück's Estate*, 24 Ill.

App.2d 77, 100, 164 N.E.2d 82.) In the hearing conducted by the magistrate, the parties offered evidence. The record contained the proofs of heirship. The magistrate had before him the three wills. In addition, he heard the testimony of a lawyer, Phillip L. Howard, who at Dominic Marcucci's request, prepared the will of December 10, 1957. This witness testified that Dominic Marcucci told him he had received the assets of his wife's estate and that he made an agreement with his wife that assets he may have at his death were to go to his children (the four sons named in the joint will), to be divided equally among them. Appellee, however, argues that Howard was not a competent witness because his conversation with Dominic Marcucci was covered by the lawyer-client privilege that was not waived by an authorized legal representative. This contention cannot prevail.

■■■ When Howard was called as a witness, there was no objection that he was incompetent to testify. After he described the conversation with Dominic Marcucci, appellee's counsel said, "I object to that testimony. No evidence presented as to any agreement." At the conclusion of his testimony no motion was made to strike it. It is a rule of evidence that in order to preserve for review the question whether a witness was competent, objection on the ground of incompetency must be made in the trial court. (*Cotter v. Sullivan*, 162 Ill.App. 396.) Failure to make the objection is a waiver. *People ex rel Blackmon v. Brent*, 97 Ill.App.2d 438, 240 N.E.2d 255.

■■ Therefore, the magistrate heard Howard's testimony, that of witnesses to the joint will; he examined the wills and had before him the proofs of heirship. From this evidence the magistrate correctly concluded on October 24, 1968, that the joint will was entitled to probate and that the other two were not. Implicit in the order was the conclusion that the will of May 12, 1950, was mutual and irrevocable. *Helms v. Darmstatter*, 34 Ill.2d 295, 215 N.E.2d 245; *In re Estate of Weaver*, 71 Ill.App.2d 232, 217 N.E.2d 326.

Notwithstanding these facts, appellee contends that the order was void for lack of jurisdiction because it was entered by a magistrate of the circuit court. This argument is buttressed by reference to provisions of the judicial article in our constitution, a statute governing assignment of cases to magistrate and to Rule 14.2 of the circuit court of Cook County which provides that:

"*Invoking Jurisdiction in Certain Cases.*

Jurisdiction for any purpose which was not cognizable by the Probate Court prior to January 1, 1964, shall be invoked by the filing of a petition in the proceeding for the administration of the estate and by the issuance of process thereon as in other civil cases, except

that jurisdiction as respects claims for personal injury, wrongful death or other tort shall be invoked as provided by Rule 14.16."

■■■ The record discloses that when hearing on the wills began, it was known by the parties that the presiding judicial officer was a magistrate who, concerning the nature of the hearing, announced "[t]hat this is a contest." After a preliminary statement, the magistrate asked, "Does anyone have any objection?" Appellee expressed none. It is now settled that questions concerning the kind of cases a magistrate can handle involves assignability, not jurisdiction. (See, Fins, Illinois Appellate Practice, 30-39 (1970).) A magistrate is a judicial officer of the circuit court which has "[u]nlimited original jurisdiction of all justiciable matters, * * * " (S.H.A. Const. Art. VI, Sec. 9.) Magistrates and circuit judges are equal members of the same court. (See *People ex rel Filkin v. Flessner*, 48 Ill.2d 54, 268 N.E.2d 376.) All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. (*People v. Crawford*, 80 Ill.App.2d 237, 243, 225 N.E.2d 80.) No order or judgment is void or subject to collateral attack merely because it was rendered by a magistrate to whom the case was improperly assigned. *Coleman v. Scott*, 38 Ill.2d 387, 231 N.E.2d 408; *Jordan v. Savage*, 88 Ill.App.2d 251, 232 N.E.2d 580.

Despite these authorities, appellee argues that prior to 1964, probate courts, when hearing petitions to probate a will, did not have jurisdiction to decide whether the testator had contracted to make an irrevocable will. (*In re Baughman's Estate*, 20 Ill.2d 593, 170 N.E.2d 557; *In re Will of Lortz*, 23 Ill.2d 344, 178 N.E.2d 298.) Therefore, appellee insists, after January 1, 1964, jurisdiction of a probate division of the circuit court can be invoked only in compliance with Rule 14.2 by filing a petition in the proceeding for the administration of the estate and issuance of process. In this case, appellee argues, no process issued; and because the case was heard by a magistrate, there was no jurisdiction.

■■■ This argument has two fallacies. First, the assumption that compliance with Rule 14.2 is the only way the jurisdiction of the circuit court could have been invoked in this case. Second, the oversight that Rule 14.2 is only a procedure to secure the appearance of parties; it is a mode for issuance of process. However, process is unnecessary if the parties, without objection, appear voluntarily in a court that has general subject matter jurisdiction. (*People v. Estep*, 6 Ill.2d 127, 126 N.E.2d 637; *In re Trapani's Estate*, 21 Ill.App.2d 19, 157 N.E.2d 83.) As we have already pointed out, the circuit court of Cook County has unlimited original jurisdiction of all justiciable matters. Appellee and the other parties appeared without objection. Procedural requirements

are waived by participation in a hearing or trial without objection. (*People v. United Medical Service, Inc.*, 362 Ill. 442, 200 N.E. 157.) Therefore, it was error for the magistrate to vacate the order of October 24, 1968, which admitted the joint will to probate on the ground, as claimed by appellee, that there was lack of jurisdiction to enter the order.

Our attention has been called to *In re Estate of Lockwood*, 124 Ill. App.2d 439, 260 N.E.2d 344 in which the Appellate Court, Fifth District held that it was not within the realm of inquiry in a proceeding to admit a will whether a prior, joint will was executed pursuant to contract not to revoke. Appellee relies on *Lockwood*, contending that it conflicts with a decision of our court in *In re Estate of Weaver*, 71 Ill.App.2d 232, 217 N.E.2d 326 which held that in a proceeding to admit a will whether a prior, joint will was executed pursuant to contract not to revoke. Appellant contends that *Lockwood* conflicts with our decision in *In re Estate of Weaver*, 71 Ill.App.2d 232, 217 N.E.2d 326, where we held that in a proceeding to admit a will, the probate division of the circuit court could rule on issues presented by two wills of a testator, one alleged to be a prior, joint and mutual will.

■■ We do not agree with this contention. In *Lockwood*, the proponent of a subsequent will contended, at trial and on appeal, that the circuit court, in the same proceeding, could not procedurally determine whether the prior will was mutual and irrevocable. Questions concerning jurisdiction, assignment of causes to a magistrate and waiver of procedural regularities which we decide in this case were not involved in *Lockwood*. *Weaver*, on the other hand, was a case in which neither party argued that the probate division of the circuit court could not, in the same proceeding, determine issues concerning an earlier, joint, mutual will and the probate of another will executed after the earlier one. The court under these circumstances assumed that the probate division had power to dispose of the issues in one proceeding. In our opinion, *Lockwood*, *Weaver* and the case before us present different questions.

Therefore, the judgment is reversed and the cause is remanded with directions to vacate the order of April 24, 1969, and enter such orders as are necessary, consistent with this opinion to probate the estate of Dominic Marcucci under the joint will dated May 12, 1950.

Reversed and remanded with directions.

SCHWARTZ and STAMOS, JJ., concur.

### SUPPLEMENTAL OPINION AFTER REHEARING

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

After we filed our opinion, appellee petitioned for rehearing. He

alleged that the parties had requested oral argument; that it was scheduled but on the day set, appellant asked leave to file a motion for a certificate of importance to the Supreme Court. Our records disclose that we granted leave and allowed appellee the opportunity to object. Appellant filed his motion and appellee his objections. Thereafter, without oral argument, we took the cause under advisement. Later, we denied appellant's motion for certificate and disposed of the appeal.

In his petition for rehearing, appellee contended that his filing of objections to appellant's motion did not manifest waiver of the right to argue his cause before us. We found merit in this contention. Consequently, we granted rehearing without restriction and set the appeal for oral argument. Thus, the cause was again before us for consideration. See *Colesar v. Star Coal Co.*, 255 Ill. 532, 544, 99 N.E. 709; *Bergman v. Bd. of Education of City of Chicago*, 30 Ill.App.2d 65, 69, 173 N.E.2d 565.

We have now heard the parties in oral argument. With the benefit of this presentation, we have reviewed the issues, the points and authorities in the briefs and appellee's petition for rehearing. In both his petition and oral argument, appellee reiterates his contention that the magistrate lacked jurisdiction to order probate of the 1950 will executed by Dominic Marcucci and his wife Maria. This reiteration makes it necessary that we explain the rationale of the opinion we have filed.

■■■■ In 1964, when amendments to the Judicial Article became effective, circuit courts of this state acquired "[u]nlimited original jurisdiction of all justiciable matters * * *." (S.H.A. Const. Art. VI, §9.) This change in our constitution reformed the judicial system, abolished all distinctions between courts of law and equity and conferred all judicial power on circuit courts without regard to specialized functions of a division within the court. The intendment of these constitutional amendments was to consolidate the judiciary and vest in circuit courts the jurisdiction to adjudicate all controversies.

■■ Jurisdiction of a court, it is generally said, flows from the constitution of the state, statutory enactments and principles of the common law which are consistent with state and federal constitutional provisions and laws. (21 C.J.S. Courts, §28.) In Illinois, however, because plenary jurisdiction is constitutional, vested in a unitary trial court, the failure of the parties or the court, in a "justiciable matter", to comply with the provisions of a statute or a rule, may give rise to questions concerning procedure but not to questions concerning jurisdiction. See *People v. Spegal*, 5 Ill.2d 211, 125 N.E.2d 468, 51 A.L.R. 2d 1337.

■■ In this case appellee contends that the hearing before the magistrate concerning execution of three wills, without the filing of a petition or issuance of process, did not comply with section 69 of the Probate Act and Rule 14.2 of the circuit court of Cook County. This is true. But these were procedural irregularities. Although appellee contends otherwise, we construe the record as showing that he waived these irregularities when, without objection, he proceeded to a hearing which concerned issues he now says the magistrate did not have power to decide.

■■ The magistrate, now an associate judge, was a judge of the circuit court. (Supreme Court Rule 2, Ill. Rev. Stat. 1969, ch. 110A, §2.) In a case assigned to him, without objection to his hearing it, he had power like any other judge, to administer the jurisdiction of the circuit court. (*Coleman v. Scott*, 38 Ill.2d 387, 231 N.E.2d 408.) Jurisdiction is vested in a court, not in a judge, however the court may be composed, whether of one judge or of several. (48 C.J.S. Judges, §41.) The authority of the magistrate was incidental to and grew out of the plenary jurisdiction of the circuit court. See *Dept. of Public Works & Buildings v. Legg*, 374 Ill. 306, 309, 29 N.E.2d 515.

■■ This being so, whether the Marcuccis contracted to execute an irrevocable will on May 12, 1950, was a question which, from all the evidence, the magistrate had to decide. In his ruling admitting the 1950 will to probate, the magistrate could have found, and there was evidence to support the finding, that because of a contract, Dominic Marcucci could not revoke the will which he and his wife, Maria, executed in 1950.[1] For this reason, this case is distinguishable from *In re Brück's Estate*, 24 Ill.App.2d 77, 164 N.E.2d 82 and *In re Baughman's Estate*, 20 Ill.2d 593, 170 N.E.2d 557.

In *Brück's Estate*, the circuit court found there was no evidence of a contract to make an irrevocable will. In *Baughman's Estate*, on procedural grounds, the circuit court dismissed a petition to probate a joint will. Therefore, we need not decide whether the *dicta* "[t]o make an irrevocable will would be the creation of an instrument unknown to the law * * *" (*In Re Brück's Estate*) "[a]ny will, whether it is a joint or a joint and mutual will executed pursuant to an agreement not to revoke, is revocable at any time prior to death * * *" (*In Re Baughman's Estate*) are correct formulations of the law. These *dicta* are from

---

[1] In fact, appellee's "Post-Hearing Motion" did not question sufficiency of the evidence to sustain the order that admitted the 1950 will to probate. And in this court, appellee does not argue that the order which, on his motion, the trial court vacated, lacked evidence to sustain it.

cases in which the court did not (and for lack of jurisdiction could not) find a contract to make an irrevocable will.

■■ In the case before us, after the parties, without objection, submitted their "justiciable matters" to a magistrate, it would be a retreat from judicial reform for us to hold that a valid judgment could not be entered without institution of another proceeding.[2] this is the rationale of our decision to reverse the judgment of the trial court. We adhere to our opinion.

[2] We assume that in any case involving more than one purported will of a testator, the parties can, by timely and appropriate request, insist on a procedure in accordance with section 69 of the Probate Act and in compliance with a rule like Rule 14.2 of the circuit court of Cook County. When a case presents issues concerning what is claimed to be a prior, joint, mutual and irrevocable will, the trial court may first determine which was the last will executed in compliance with statutory requirements. In such a case, letters testamentary may issue and the ultimate probate of the estate abide the court's later determination of the irrevocability of the purported prior, joint and mutual will. It is for the trial court to determine in what order these questions are to be decided. In any event, in view of the plenary grant of constitutional authority to Illinois circuit courts, these are questions of procedure, not jurisdiction.

Reversed and remanded with directions.

SCHWARTZ, J., concurs.

Mr. PRESIDING JUSTICE STAMOS dissenting:

When this case was originally argued and decided, I concurred with the majority on the question of whether the Circuit Court has jurisdiction to decide whether a contract to make an irrevocable will was made by Dominick Marcucci in 1950. Upon reconsidering the case on rehearing, however, it became apparent that the decision should not turn upon whether that court possessed the requisite jurisdiction to decide that issue, but rather upon a determination of whether the issue is relevant to a proceeding to admit a will to probate and whether an irrevocable will can exist under the law of Illinois. My resolution of these issues dictates that I respectfully dissent from the majority Supplemental Opinion.

In this case, Dominick Marcucci executed three wills. The first, a joint and mutual will with his wife, Maria, was executed in 1950. The second was executed by Dominick in 1957, after his wife's death. The third, executed by Dominick in 1958, specifically stated:

"I, DOMINICK MARCUCCI * * * do hereby revoke any and all former wills or codicils by me made * * *."

Section 46 of our Probate Act [1] provides that:

[1] Ill. Rev. Stat., ch. 3, par. 1, *et seq.*

"A will may be revoked  *  *  *  (b) by the execution of a later will declaring this revocation  *  *  *."

Thus it readily appears that the testator fulfilled all the statutory requirements for the revocation of his previous wills.

The majority opinion is based, however, on the premise that a joint and mutual will executed pursuant to a contract is irrevocable and that, if such a will was made by Dominick with his wife in 1950, then that will is the only one entitled to probate. This was the traditional rule in Illinois. However, in 1960 the Second District, in *Estate of Briick*, 1960, 24 Ill.App.2d 77, 164 N.E.2d 82, undertook a reconsideration of this rule. After a lengthy review of the rationale of the rule and the previously decided cases, the Court said at 24 Ill.App.2d 77, 99:

"It has been stated that to make an irrevocable will would be the creation of an instrument unknown to the law. Under the authorities herein referred to and cited, the will of Mrs. Briick executed after her husband's death, effectively revoked her previous joint will and the judgment of the Circuit Court directing that her will dated December 6, 1956, be admitted to probate should be affirmed. Whether she agreed and contracted with her husband not to change the disposition of the property made by the provisions of the joint will of March 16, 1955, could not be litigated in the probate court of Will County."

In a case decided the same year, *In re Estate of Baughman*, 1960, 20 Ill.2d 593, 170 N.E.2d 557, the Supreme Court expressly approved this decision. The Court quoted the above paragraph from *Briick* and said, at 20 Ill.2d 593, 599:

"We concur with the analysis of cases, reasoning and logic, and the conclusion reached in the quotation from the opinion as above set forth, as is indicated by our prior order denying the petition for leave to appeal to this court in said case."

The Court further stated, at 20 Ill.2d 593, 562:

"The difficulty which has given rise to the present litigation arises from the description in prior cases of joint or joint and mutual wills executed pursuant to a valid contract not to revoke, as being 'irrevocable'. Such terminology, although generally descriptive of the net result achieved, is not an accurate statement of the nature of the will made pursuant to such contract. By virtue of the various statutory provisions concerning the execution of wills and the revocation thereof, and the decisions herein discussed, any will, whether it is a joint or joint and mutual will executed pursuant to an agreement not to revoke, is revocable at any time prior to death in any of the manners prescribed by statute."

Based upon the above cases, it seems apparent that our Supreme Court had the intention of settling the law in favor of the revocability of all wills, and indeed, neither party to this appeal nor the court in the majority opinion disputes that the *Baughman* case changed the law in Illinois as it existed at the time. The problem which has returned to plague us here arose with the adoption of the new Judicial Article [2] in 1964. That change in our constitution reformed the judicial system in Illinois, abolished all distinctions between courts of law and equity, and conferred all judicial power upon each court, regardless of its specialized function as a division within the Circuit Court of the county. This reorganization of judicial powers was first applied to the situation at bar in *Estate of Weaver*, 1966, 71 Ill.App.2d 232, 217 N.E.2d 326. In that case the court followed the old rule that wills executed pursuant to a contract not to revoke are irrevocable. The decision was justified by distinguishing *Baughman* in terms of the new Judicial Article. The Court said that *Baughman* held that the Probate had no jurisdiction to decide if such a contract had been made and that the case now had no applicability in view of the expanded jurisdiction of every court. Thus, *Weaver* held that a contract not to revoke could now be proved in a proceeding to admit a will to probate.

Conversely, the Fifth District, in *Estate of Lockwood*, 1970, 124 Ill. App.2d 439, 260 N.E.2d 344, recently reached an opposite conclusion. When presented with the same argument as in *Weaver* and the case at bar, the Court held that the issue of whether a prior joint will was executed pursuant to a contract not to revoke was "not within the realm of inquiry" of a proceeding to admit a will to probate. That court relied upon *Ruffing v. Glissendorf*, 1969, 41 Ill.2d 412, 243 N.E.2d 236, where the Supreme Court rejected an argument that the new Judicial Article abolished the limitation on the character of evidence that may be introduced by a contestant at a hearing to admit a will to probate. Quoting *Ruffing*, the Court said, at 41 Ill.2d 412, 422:

"* * * * it is not apparent to us why the 'original jurisdiction of all probate matters' formerly possessed by the probate court and now possessed by the circuit court would change the manner of proving a will under Section 69."

I believe that this case is similar to that of *Ruffing v. Glissendorf, supra,* and that the same reasoning applies. The proceeding appealed from is statutorily created by Section 69 of the Probate Act.[3] The purpose of the proceeding is to admit a valid will to probate, and appoint

---

[2] Ill. Const., Art. VI, § 1, *et seq.* (1870).

[3] Ill. Rev. Stat., ch. 3, par. 69.

an executor to administer the estate. Thus, the only issue before the court at such a hearing is which is the last, valid, unrevoked will of the testator. Since the existence of a contract not to revoke can have no effect upon the testator's power to revoke a prior will and is not among the statutorily specified grounds for attacking a will sought to be admitted to probate,[4] evidence tending to establish such a contract has no relevance to such a proceeding. The Supreme Court held in *Ruffing* that the manner of proving a will under Section 69 was not changed by the adoption of the Judicial Article, and thus, even conceding the jurisdiction of the court to decide the eixstence of a prior contract, the question still has no relevance to the proceeding and such evidence should not be admitted. In my opinion, therefore, the will that Dominick executed in 1958 should have been admitted to probate.

It should be pointed out, however, that, while wills should properly be considered revocable by the testator at any time prior to his death, a contract not to revoke may not be revocable. The revocation of a will executed pursuant to such a contract, even though completely within the power of the testator, may constitute a breach of contract. And even though such a revoked will should not be admitted to probate, the beneficiaries of the will are not without a remedy. Such a valid, breached contract should properly be considered a claim against the estate of the testator, and, as such, it is enforceable against the executor of the estate. The courts have repeatedly held that a valid contract to make a will may be enforced by means of an equitable action to impose a constructive trust on the executor, *Keats v. Cates*, 1968, 100 Ill.App.2d 177, 241 N.E.2d 645, or an action for specific performance of the terms of the contract. (*Helms v. Darmstatter*, 1965, 56 Ill.App.2d 176, 205 N.E.2d 478.) Thus, the remedy available to the beneficiaries of a prior revoked will executed pursuant to a contract is not in the proceeding to admit a will to probate, but by means of an equitable action against the executor if the claim based upon the contract is disapproved by him.

It may be argued, however, that the above procedure would produce the same ultimate result as would probate of the joint and mutual will, and that it would be expeditious to allow the first will to probate. However, if the existence of a contract not to revoke is established in the initial proceeding, and that prior will is admitted, it would be tantamount to approving a claim against the estate *before* appointment of an executor. Since it is the function of the executor to protect the assets of the estate, the claim would have been approved in the absence of

---

[4] Ill. Rev. Stat., ch. 3, par. 69.

an indispensable party. Adequate protection of the estate could only be provided by adjudicating such a claim in an equitable action against the executor.

In my opinion the protection of the assets of the estate and the maintenance of the essential character of a will as a transitory instrument, as intended by the Probate Act, would require that the will executed by Dominick Marcucci in 1958 be admitted to probate. Consequently, I would affirm the judgment of the Circuit Court.