(No. 33110.—

JOHN PLATZ *et al.*, Appellants, *vs.* DEBORAH WALK *et al.*,
Appellees.

*Opinion filed May 24, 1954—Rehearing denied September 20, 1954.*

TAYLOR & SCHNIEDERJON, of Effingham, for appellants.

DALE WILSON, of Newton, for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Jasper County dismissing a complaint to construe a will which prayed that the court find the plaintiffs to be the owners of certain real estate in fee simple. The right to relief depended upon the construction of the will.

John Platz and Theresa Platz, his wife, executed, on October 2, 1950, what was termed a "Mutual Last Will and Testament" and the clause thereof material to this controversy was as follows:

"SECOND: We give, devise and bequeath unto the survivor of us all of our property of whatsoever nature it may be, real, personal or mixed, whether now owned by us or hereafter acquired, to have and to hold as his or her own absolute property forever, and notwithstanding the fact that this will is a mutual will, we expressly grant unto the survivor of us the right to change any and all provisions of this Last Will and Testament by codicil or by an entirely new will."

Then followed clauses third to ninth, inclusive, in which "upon the death of the survivor" they gave, devised and bequeathed separate tracts of real estate to different relatives, and by the tenth clause all the rest, residue and remainder of the property, whether real, personal or mixed, was given, devised and bequeathed, upon the death of the survivor, to certain nieces and nephews.

John Platz died on March 19, 1952, and the will dated October 2, 1950, was probated as his last will and testament. Theresa Platz, after the death of her husband, executed a last will on May 7, 1952, which, after her death on October 15, 1952, was admitted to probate on November 28, 1952.

The complaint averred that John Platz was the sole and absolute owner of the real estate described in clauses 3, 5 and 6 of his last will, and also personal property, as listed in the inventory of said estate, a copy of which

was attached to the complaint, and that Theresa Platz disposed of said real estate to persons different than those to whom it was devised under clauses 3, 5 and 6 of the husband's will, and that such devisees claimed ownership of said real estate, and judgment was prayed that the court find and decree that the plaintiffs, as devisees and legatees under the joint and mutual will, were the owners in fee simple of said real estate and entitled to one eighth of the personal property left by the husband.

The theory of the complaint was that under the terms of the mutual last will of John Platz and Theresa Platz, Theresa Platz had a life estate only in all the property the husband left and upon her death all her rights therein terminated and vested in the devisees under the third, fifth and sixth clauses of the husband's will.

The trial court sustained a motion to dismiss the complaint for want of equity and held that there was no ambiguity or uncertainty in the meaning of said will, and that the will established a life estate of decedent's property in the widow by the second clause of said will, with vested remainders in the devisees and legatees named in subsequent clauses of said will, which said remainders were subject to divestment by the exercise of the power of appointment granted the survivor in the second clause of the will, and which power of appointment had been exercised by the widow in executing the will of May 7, 1952.

The presence in the will of the following words, to-wit: "and notwithstanding the fact that this will is a mutual will, we expressly grant unto the survivor of us the right to change any and all provisions of this Last Will and Testament by codicil or by an entirely new will," presents the problem for construction that is conclusive of the merits of this controversy.

Without the provision above mentioned the will would be what is known as a joint, mutual and reciprocal will, and without the presence of the quoted words the effect of

the will would have been (1) the one that died first willed and bequeathed by the second paragraph all the property whether then owned or afterwards acquired as the absolute property forever to the survivor, subject only to the contract to devise embodied in the joint and mutual will, (2) clauses 3 to 10, inclusive, would be ineffective until the death of the survivor, and (3) then the devises and bequests in clauses 3 to 10, inclusive, would be effective under the joint will when probated as the will of the survivor.

It is obvious that the testators did not desire that result and they caused the quoted words to be inserted in clause 2 of the will to express their testamentary intent. The words selected seem well adapted for that purpose and clearly show the purpose intended. The will, being a single instrument and signed by both parties, was a joint will and they recognized that it was a mutual will since the phrase starts out with the words "and notwithstanding the fact that this will is a mutual will." It is a reasonable inference that the quoted words were used in clause 2 to make sure that neither party would be deprived of the right to make a subsequent will, and the quoted words that were inserted, under the law, clearly accomplished their purpose.

The term "joint wills" and "mutual wills" are sometimes inaptly used interchangeably. A joint will is a written instrument executed and published by two or more persons disposing of the property owned jointly, or in common, by them, or in severalty by them. On the death of the testator first dying it is subject to record and probate as his will, and on the death of the surviving testator it is subject to probate as his will. A joint will may or may not be mutual or reciprocal. Mutual or reciprocal wills are the separate instruments of two or more persons, the terms of such wills being reciprocal and by which each testator makes testamentary disposition in favor of the other. A will that is both joint and reciprocal is an in-

strument executed jointly by two or more persons with a reciprocal provision and shows on its face that the bequests are made one in consideration of the other. In the case of husband and wife it may be presumed that the provisions made in a joint and mutual will are induced by the mutual love and respect for, and faith which the parties have in, each other and cannot be revoked by one without notice to the other. *Curry* v. *Cotton*, 356 Ill. 538; *Frazier* v. *Patterson*, 243 Ill. 80; *Gerbrich* v. *Freitag*, 213 Ill. 552.

The quoted words inserted in clause 2 serve the purpose of avoiding any contention that the mutual will was irrevocable after the death of one of the parties thereto and we believe that it would be a strained construction to give it any other effect. *Jacoby* v. *Jacoby*, 342 Ill. App. 277.

We conclude that under a fair construction of this will the absolute and full fee-simple title vested in the wife on the death of her husband under the second clause of the so-called mutual will and that the wife, by virtue of the express agreement contained in the quoted words in said clause 2, had the full right to make another will and dispose of the property as she saw fit. Only in the event she failed to revoke the "mutual" will by executing a new will would the provisions in the so-called "mutual" will, in issue here, have been effective.

It is difficult to find language more definite for the purpose of showing a devise of an absolute estate in fee to the survivor than is contained in clause 2. When the word "absolute" is used it would require great clarity of expression in a later clause of a will to cut down the devise to that of a life estate. No such words are used in the instant will, but, on the contrary, the quoted words, given their fair meaning, merely show the purpose of the testators to avoid any contention being made that the will was executed in consideration of the agreement of each that their property should go as set forth in the will and that he or she would not have the right to dispose of their

318

estate after the death of the one first dying as they might desire.

However, it is immaterial that the decree was based upon erroneous reasoning. (*In re Estate of Grossman,* 175 Ill. 425.) The only question here is whether the decree of the circuit court was correct or incorrect regardless of the reasons that may have been given for that decree. It is our opinion that the decree is correct on the merits and for that reason the decree should be and is hereby affirmed.

*Decree affirmed.*