In the Matter of the Last Will of Lena Lortz, Deceased.
Elias W. Darmstatter, Appellant, v. Elsie Hesse,
et al., Appellees.

Term No. 60–O–5.

Fourth District.
December 13, 1960.
Rehearing denied January 23, 1961.

F. E. Merrills, of Belleville, for appellant.

Kassly, Carr & Bone, of East St. Louis, and W. E. Ackermann, of Belleville (for Homer Lortz), appellee.

CULBERTSON, P. J.

This is an appeal from the judgment of the Probate Court of St. Clair County in which the Court denied admission to probate of a codicil which was executed by Lena Lortz and attached to the joint Last Will of George and Lena Lortz. The Will was admitted to probate. The Codicil which was executed by decedent varied the terms of the Will by enlarging the shares of certain legatees thereunder.

On appeal in this Court it is the contention of such legatee that the joint Last Will of George Lortz and Lena Lortz was a mutual or reciprocal will, ambulatory in character, and that, as a matter of law, Lena Lortz was free to make a bequest to him in the codicil denied probate, under the general principles outlined in Jacoby v. Jacoby, 342 Ill. App. 277, 290, 96 N.E.2d 362, and in In re Estate of Briick, 24 Ill.App.2d 77, 164 N.E.2d 82.

 In Curry v. Cotton, 356 Ill. 538, at 543, 191 N. E. 307, in considering Joint Wills and Mutual Wills, the Court said that the terms are sometimes incorrectly used interchangeably. It is pointed out that a Joint Will is a written instrument executed by two or more persons disposing of property or some part of property owned jointly or in common by them. On the death of the testator first dying it is subject to probate as his Will, and on the death of the other remaining surviving testator it is subject to probate as the surviving testator's Will. Such Joint Wills it is pointed out may or may not be mutual or reciprocal. The Court points out that Mutual or Reciprocal Wills are separate instruments in which each testator makes testa-

288

mentary disposition in favor of the other, and that a Will which is both joint and reciprocal shows on its face that the bequests are made in consideration of the other.

In the case before us the Will appears to be Joint and Mutual within the terms of that definition. It disposed of property of two persons owned jointly or in common, or severally, by them. The testators made disposition in favor of the other and all provisions of the Will were reciprocal. Upon the death of the survivor the property was to go to their respective heirs in approximately equal shares. It was apparent that the bequests were made, one in consideration of the other.

In the case of Curry v. Cotton, supra, it was inferred from the terms of the Will itself that there was a contract between the parties not to revoke or change the Will after the death of one testator. In Frazier v. Patterson, 243 Ill. 80, 90 N. E. 216, the existence of such contract was also inferred from the terms of the Will. In that case the Court stated (at page 86), that where the parties execute the Wills by the same instrument and are husband and wife, the inference is especially strong that there was an understanding that the Will of the survivor was not to be changed. The Court stated that the making of such Will alone was evidence that it was done in accordance with a mutual compact to dispose of the property as set forth in the Will.

No extrinsic evidence was presented in the probate court in the case before us to rebut a presumption, which might be invoked, that the Will was drawn pursuant to an agreement between husband and wife. Such conclusion is supported by other Supreme Court cases (In re Edwards Estate, 3 Ill.2d 116, 120 N.E.2d 10; Bonczkowski v. Kucharski, 13 Ill.2d 443, 150 N.E.2d 144), in which the Joint and Mutual Will was held

289

to be irrevocable in one case; and the survivor, in the other case, was estopped from conveying certain joint property by reason of the existence of the Joint Will. The case of Jacoby v. Jacoby, supra, is distinguishable in that in that case the attorney who drafted the Will testified that the Will was not drawn pursuant to a contract and was not intended to be binding upon the survivor. No such evidence appears in the case before us. It is notable that there was nothing in the Will in the Jacoby case which would lead to an inference of the existence of a contract. Similarly, in the case of In re Estate of Briick, supra, a substantial amount of extrinsic evidence rebutted a presumption that the Joint Will was drawn pursuant to a contract, and in that case the survivor took nothing by virtue of the provisions of the Will, but property went to the survivor by virtue of a joint tenancy of title. In the case before us the survivor took a substantial amount of property under the Will. The codicil, therefore, would have materially changed the Joint Will of George Lortz and Lena Lortz, and under the precedents cited it is apparent that the probate court properly held the Codicil inadmissible on the record made in that Court.

The judgment of the Probate Court of St. Clair County, will therefore, be affirmed.

Affirmed.

SCHEINEMAN, J., and HOFFMAN, J., concur.