Alvin Helms, et al., Plaintiffs-Appellees, v. Elias W. Darmstatter, et al., Defendants-Appellants.

## Gen. No. 64–78.

Fifth District.

March 16, 1965.

Rehearing denied April 7, 1965.

F. E. Merrills, of Belleville, for appellants.

Kassly, Weihl, Carr & Bone, of East St. Louis (Rex Carr, of counsel) for plaintiffs-appellees. W. E. Ackermann, of Belleville, for Homer Lortz, defendant-appellee.

MORAN, J.

Elias W. Darmstatter and Ida Mae Skaer appeal from a decree of the Circuit Court of St. Clair County, entered on June 23, 1964, ordering Homer Lortz, Executor of the Estate of Lena Lortz, deceased, to distribute the proceeds and estate of Lena Lortz in accordance with the provisions of the joint will of George and Lena Lortz executed on the 17th day of September, 1947 and without regard to a codicil executed by Lena Lortz on the 20th day of April, 1951.

During their lifetimes, George and Lena Lortz acquired a substantial amount of property, both real and personal. Some of the properties were held in their joint names and some of the property in their individual names. They had no children. On the 17th day of September, 1947, George and Lena Lortz executed what they called the "Joint Last Will and Testament of George and Lena Lortz, his wife." By the terms of this will they revoked all former wills made "by us or either of us"; they directed the executors to discharge all debts or liabilities existing against "us or either of us." They made bequests providing for the upkeep of the burial lots of John

and Esther Lortz, parents of George Lortz; for the upkeep of the burial lots of John and Alvina Schaller, parents of Lena Lortz; and for the upkeep of their own burial lot. They provided that the remainder of their estate should go to the survivor of them, and that upon the death of that survivor "the residue of our estate should be merged into one corpus" and reduced to cash. They then ordered the cash to be distributed in varying shares to eighteen relatives of George Lortz, to nineteen relatives of Lena Lortz, and to a foster child reared by George and Lena Lortz. They named two executors of their joint will, one a relative of George Lortz, and the other a relative of Lena Lortz. The will also provided that after the specific bequests to these relatives were satisfied, the remainder of the estate was to be divided among the same legatees in the same proportion.

George Lortz predeceased his wife and his will was admitted to probate in the Probate Court of St. Clair County. The total amount of the estate of George and Lena Lortz was more than $200,000, $70,000 being in joint tenancy. Three years after the death of George Lortz his wife executed a codicil to the joint will, increasing the shares of four of her relatives, but in all other respects confirming the joint will.

One of the relatives benefiting by the codicil was Elias Darmstatter, who was to receive stock of the value of $10,000 by the terms of the codicil. Elias Darmstatter had, commencing in 1936, given investment advice and counseling to George and Lena Lortz during their respective lifetimes. Mr. Darmstatter, a defendant in this action, was employed by a stock brokerage firm in St. Louis, Missouri and received a salary from the brokerage firm. The brokerage firm received a commission on each stock transaction which the firm handled for George and Lena Lortz. Their

178

stock portfolio amounted to over $200,000 at the time of the death of Lena Lortz.

Lena Lortz died on the 2nd day of December, 1959, and the Probate Court admitted the joint will to probate. Certain legatees filed objections to the admission of the codicil to the will to probate. The Probate Court denied the codicil admission to probate and ruled that the joint will of. George and Lena Lortz became irrevocable after the death of George Lortz, since it was a joint, mutual and reciprocal will, which was drawn pursuant to a contract entered into by and between George and Lena Lortz.

Elias W. Darmstatter, the defendant and appellant herein, appealed to the Fourth District Appellate Court from the Probate Court's order denying the codicil admission to probate. The Appellate Court affirmed the judgment of the Probate Court, holding that the will was irrevocable after the death of George Lortz, since it was drawn pursuant to a contract and was joint, mutual and reciprocal. Darmstetter appealed to the Supreme Court of Illinois, contending that the Probate Court did not have jurisdiction to deny the codicil admission to probate, since, admittedly, it was properly executed with the statutory number of witnesses. The Supreme Court reversed the Appellate Court and ruled that the issue of whether the will was executed pursuant to an agreement not to revoke or was itself a contract not to revoke, should not have been considered by the Probate Court and should be determined in a contract action or in a chancery proceeding. Upon remandment to the Probate Court, forty-six legatees under the joint will of George and Lena Lortz filed a chancery action against the executor of the estate of Lena Lortz, praying for specific performance of the joint will and for an order upon the executor not to give effect to the codicil of

179

Lena Lortz. All four of the Legatees under the codicil were also named as defendants.

The Circuit Court found in favor of the forty-six plaintiffs on June 23, 1964 and made the following findings:

"The Court further finds that on the 17th day of September, 1947, George Lortz and Lena Lortz, his wife, in the City of Belleville, Illinois, entered into an agreement providing for the disposition of their several and joint estates upon the demise of each of them, and upon the death of the survivor of them; that on said date George and Lena Lortz, pursuant to this agreement, executed a will entitled 'Joint Last Will and Testament of George Lortz and Lena Lortz, his wife,' the intention of the testators being that the relatives of each of them were to take nearly equal shares from the several and joint estates of each testator upon the death of the survivor of them; That said Will was a joint, mutual and reciprocal Will, and contained the terms and provisions of their said agreement; that the plaintiffs herein, among others, are the beneficiaries of the said agreement and Will; that on the 13th day of March, 1948, George Lortz became deceased, and his estate, properties and moneys, passed to Lena Lortz by virtue of the said Will and by virtue of joint tenancy provisions contained in some of the securities owned by George Lortz; that upon the death of George Lortz the said agreement became binding upon Lena Lortz and she became thereby estopped from disposing of the estate of George and Lena Lortz in any manner other than that set out in said agreement and said Will, the said George Lortz having performed his part of said agreement; that on the 20th day of April, 1951, Lena Lortz, contrary to said agreement and Will, executed a Codicil to the said Will in which she materially changed the ultimate disposition of the properties of her estate,

180

of the estate of George Lortz, and of their joint estates; that said Codicil is null, void and unenforcible; that Lena Lortz became deceased on the 2nd day of December, 1959; that Homer Lortz is the Executor of the Estate of Lena Lortz; that as such Executor, the said Homer Lortz is bound by the terms of the said agreement and Will without reference to the said Codicil; and that plaintiffs herein are entitled to a decree of specific performance of the agreement and Will of September 17, 1947, without reference to or effect given to the codicil of April 20, 1951.

The Court further finds that the Affirmative Defenses and counterclaim filed herein are without merit; that neither George nor Lena Lortz were indebted to Elias Darmstatter for services rendered either of them during their lifetimes; that the complaint brought herein is not barred by the Statutes of Limitations, said complaint having been filed in apt time; and that the defendants, Elias Darmstatter, Ida Mae Skaer and Herman Schaller, are entitled to no relief whatsoever.

It is, Therefore, Ordered, Adjudged and Decreed that the defendant, Homer Lortz, Executor of the Estate of Lena Lortz, deceased, be and he is hereby, ordered to specifically perform the contract entered into on September 17, 1947, by Lena Lortz; that he be, and hereby is, ordered to distribute the proceeds and estate of Lena Lortz in accordance with the provisions of the Joint Will of George and Lena Lortz, executed on the 17th day of September, 1947, without reference to or effect given to the Codicil thereto executed by Lena Lortz on the 20th day of April, 1951, said Codicil being hereby declared null and void; It is Further Ordered that the defendants, Elias Darmstatter, Ida Mae Skaer and Herman Schaller, go hence without day; and that plaintiffs shall have their costs.

181

The court expressly finds that there is no just reason for delaying the enforcement of this Decree, or an appeal therefrom."

The facts and contentions before the trial court and now before this court were already considered by this court, In re Lortz Will, 28 Ill App2d 287, 171 NE2d 244, when this court determined that the will in question was drawn pursuant to a contract. The Supreme Court reversed this case, In re Will of Lena Lortz, 23 Ill2d 344, 178 NE2d 298, on the ground that the inquiry in the Probate Court should have been limited to whether or not the codicil was executed according to the statutory requirements. The court also stated that the issue of whether a joint will was executed pursuant to an agreement not to revoke, or is itself a contract not to revoke, should not be properly considered by the Probate Court but should be determined in a chancery or contract action. Whereupon the appellees instituted the present action.

■   The appellants contend that the codicil to the joint will of George and Lena Lortz was valid because the evidence was insufficient to show that the will was executed pursuant to a contract between the testators. In Tontz v. Heath, 20 Ill2d 286, 170 NE2d 153, the court said at page 156: "The defendants contend that the evidence was insufficient to show that the will was executed pursuant to a contract between the testators. As we pointed out in Bonczkowski v. Kucharski, 13 Ill2d 443, 453, 150 NE2d 144, the burden is upon the party who asserts such a contract to establish it by clear convincing and satisfactory evidence. (Cf. Sparks, Contracts to Make Wills, p 24.) Here there is no evidence of a contract except as it appears from the terms of the will itself and from the circumstances of the testators. But we are of the opinion that the trial court properly found that a contract existed. The testators were husband and

182

wife who made identical reciprocal provisions for each other in a single instrument; each gave up the right of absolute ownership of the real estate held in joint tenancy which would have followed upon the death of the other; William Kamp had children by a previous marriage, and the instrument appears to have been designed to insure that they would receive equal treatment with the children of the two testators; the property of both testators is treated as a common pool and the dispositions are made by both rather than by each of them individually. Each of these factors has been considered relevant to prior cases which determined that a joint and mutual will was executed pursuant to a contract. E. g., Bonczkowski v. Kucharski, 13 Ill2d 443, 150 NE2d 144; In re Estate of Edwards, 3 Ill2d 116, 120 NE2d 10. The evidence sustains the trial court's conclusion that a contract existed in this case."

In Jusko v. Grigas, 26 Ill2d 92, 186 NE2d 34, 38, the court said: "A joint and mutual will may be executed pursuant to a contract or may itself constitute a contract, which after the death of one maker, will, under appropriate circumstances, be enforced by a court of equity. (Tontz v. Heath, 20 Ill2d 286, 170 NE2d 153; In re Estate of Baughman, 20 Ill2d 593, 170 NE2d 557.) Joint wills executed by husband and wife give rise to the presumption that they are the result of mutual trust and confidence."

■ The Lortz will was executed and published by husband and wife and it disposed of property owned jointly, in common and severally; by them; each testator made dispositions in favor of the other; and all the provisions of the will are reciprocal. It appears equally obvious that the bequests were made one in consideration of the other since each is to receive the other's property and then upon the death of the survivor their property is to go to their respective

183

heirs in approximately equal shares. Eighteen relatives of the husband received under the will, nineteen relatives of the wife received under the will and the foster child reared by husband and wife benefited under the will. Upkeep of the burial lots of the parents of each testator was provided for and a relative of each testator was named coexecutor of the joint will. The evidence sustains the trial court's conclusion that the joint will of George and Lena Lortz was a valid contract.

■ Appellants also contend that even though the will embodies a contract, that contract does not apply to the property held in joint tenancy because this property did not pass to Lena Lortz by reason of the will. Bonczkowski v. Kucharski, 13 Ill2d 443, 150 NE 2d 144 and Tontz v. Heath, supra, established that property held in joint tenancy may be a subject of a contract embraced in a joint and mutual will. The language of the instrument in the present case indicates that the Lortzes intended to include their jointly owned property in the contract. They directed their executors to merge the residue of both estates into one corpus, reduce it to cash and distribute to the legatees named. In the Bonczkowski case just cited, the Supreme Court reviewed all of the Illinois case law dealing with joint and reciprocal wills and concluded that while the will in that case was not a valid will it was a contract which was enforceable in equity. The survivor in that case was estopped from disposing of any property otherwise than was contemplated in the will. In that case the Supreme Court felt that it was very persuasive that the will provided for the care of children that each testator had from prior marriages; that the bulk of the estate passed by joint tenancy; and that the makers of the will treated their properties as a joint fund which should be shared by the children of each.

184

In the instant case the nieces and nephews of each of the testators are made the beneficiaries of the other; a large amount of the property passed by joint tenancy, but not all; and Mr. and Mrs. Lortz directed their executors to merge the residue of both estates into one corpus, reduce it to cash and distribute it to the legatees named. Both wills, of course, use the words "we give" and "we bequeath." Then too, the foster daughter of George and Lena Lortz could receive only by the wills of George and Lena Lortz and it is evident from the large bequest given her that it was the predesigned arrangement between George and Lena Lortz that she be adequately provided for. The other provisions of the will likewise suggest very strongly that George and Lena Lortz discussed the disposition of their estate on many occasions and reached an agreement for the fair treatment of each of their heirs. We conclude that the joint will of George and Lena Lortz bound the survivor to convey the joint tenancy property in accordance with the provisions of the joint will.

Appellants further contend that this action is barred by chapter 83, paragraph 24(e), section 28 of the 1961 Illinois Revised Statutes which reads as follows: "Actions against the executors, administrators, heirs, devisees, and legatees of a deceased person to enforce a contract to make a will, shall be commenced within two years after the death of the deceased person unless letters testamentary or of administration are applied for on his estate within two years after his death, in which case the actions shall be commenced within and not after the time for presenting claims against estates of deceased persons as provided in the Probate Act and all existing and future amendments thereto." Appellees contend that the foregoing statute applies only to a situation where there was a promise to make a will and no will was

made. They argue that the statute does not apply to them because they seek specific performance of a contract already in existence, that contract being the joint will of George and Lena Lortz.

The use of the words "action . . . to enforce a contract to make a will" in the aforesaid statute, limits its application to those situations where there was a contract to make a will and no will was made, while here we have a joint and mutual will which itself constitutes a contract. Therefore, suit is brought not for the breach of a contract to make a will but for breach of a contract not to revoke a will already made. Our Supreme Court recognized this distinction in Scham v. Besse, 397 Ill 309 at 314, 74 NE2d 517, wherein the court said: "In the present case the fraud of the testator was not his failure to make a will, but rather in revoking it." Then too, appellants had notice from the time that the codicil was first offered that the appellees sought to enforce the contract contained in the joint and mutual will of George and Lena Lortz by contesting the validity of the codicil. In Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill2d 273 at 289, 290, 122 NE2d 540, our Supreme Court said: "Statutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here."

Lena Lortz died on the second day of December, 1959 and the Probate Court of St. Clair County, Illinois admitted the joint will to probate but refused to admit the codicil to probate. Appeal was taken by Elias W. Darmstatter to the Appellate Court which affirmed the Probate Court decision on the theory that the joint and mutual will could not be varied by a codicil executed subsequent to the death of one of the testators.

In re Will of Lortz, 28 Ill App2d 287, 171 NE2d 244. The Supreme Court of Illinois reversed the Appellate Court for the reason that the Probate Court did not have the power or jurisdiction to refuse any properly executed document's admission to probate. The mandate of the Supreme Court was not issued until November, 1961 and the codicil to the will of Lena Lortz was not admitted to probate until December 29, 1961. Action by the present plaintiffs was instituted on February 9, 1962.

For the foregoing reasons the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J. and GOLDENHERSH, J., concur.