*In re* ESTATE OF ARTHUR C. MUELLER, Deceased—FIRST NATIONAL BANK OF COLLINSVILLE, Ex'r of the Will of Arthur C. Mueller, Deceased, Petitioner-Appellee, *v.* THE PROTESTANT HOSPITAL BUILDERS CLUB, INC. *et al.*, Respondents-Appellant.—(LILLIE MUELLER *et al.*, Appellees.)

(No. 74-56; ▮▮▮▮▮▮▮▮▮)

Fifth District—February 25, 1975.

Pope & Driemeyer, of East St. Louis, and Paul Wagner, of Belleville, for appellants.

Rarick & Cadagin, of Collinsville, for appellee First National Bank of Collinsville.

Sprague, Sprague & Ysursa, of Belleville (Bernard J. Ysursa, of counsel), for appellee Martha Getz.

Welch, Welch & Welch, of Collinsville, for appellee St. John's Evangelical United Church of Christ.

Mr. JUSTICE CARTER delivered the opinion of the court:

This appeal resulted from a judgment of the Circuit Court of Madison County which determined that an individual will executed by Arthur C. Mueller revoked a prior will executed jointly with his wife.

The prior will was executed by Arthur C. Mueller and his wife, Hilda Mueller, on July 17, 1967, and she died in January, 1969. The joint will was admitted to probate in St. Clair County, Illinois, and it devised all property owned by either testator to the survivor of them, provided that the survivor make certain specific bequests and devised the residue to St. John's E. & R. United Church of Christ, St. Paul's Home and the Memorial Hospital. On April 3, 1969, Arthur Mueller executed a new will providing that all prior wills be revoked, with bequests being made to the Church listed in the joint will and to the Memorial Hospital. St. Paul's Home was not mentioned in the second will, and the adopted daughter, Martha Getz, received all personal property and a life estate in all real property, with remainder to her children.

Arthur Mueller died in May, 1972, and his 1969 will was admitted to probate in Madison County. The First National Bank of Collinsville, the executor of Arthur Mueller's will, filed a petition in the Circuit Court of Madison County to construe the decedent's will as the only valid will, alleging that he had revoked the joint will made with his wife in 1967. All interested parties answered and filed counterclaims, asserting that the joint will of 1967 was Arthur Mueller's only valid will, and that it had been properly admitted to probate in St. Clair County.

The Circuit Court of Madison County conducted a hearing on April

27, 1973, on the issues. The court considered arguments of counsel, but no evidence was presented, other than the two wills in question. After taking the matter under advisement, the court, in September, 1973, determined that the 1969 will of Arthur Mueller was his valid last will and specifically held that the joint instrument executed in July, 1967, by Arthur Mueller and his wife was not a joint and mutual will.

The sole issue on appeal is whether the 1967 will was a joint and mutual will made irrevocable as to Arthur Mueller after the death of his wife and his acceptance of the proceeds of his wife's estate.

■■ The party attempting to convince the court that the joint will is binding has the burden of proof to establish this point and it must be done by convincing and satisfactory evidence. In this case, the appellants have not met their obligation, and we affirm the judgment of the trial court.

■■ Joint wills can be enforceable against a surviving spouse, thus, in effect becoming irrevocable, but it must appear that the parties had agreed that the disposition made in the will could not have been revoked by the one without the consent of the other. If that were their agreement, it should appear in the provisions of the joint will itself; some reference to such an arrangement should have been made in the will; or evidence should have been produced which disclosed such an arrangement. (*In re Estate of Brück*, 24 Ill.App.2d 77.) The existence or nonexistence of a contract is to be gathered from the terms of the will and the surrounding circumstances.

■■ The joint will of Arthur and Hilda Mueller stated in the preamble the following:

> "Know All Men By These Presents, that we the undersigned, Arthur C. Mueller and Hilda M. S. Mueller, husband and wife of the County of St. Clair and State of Illinois, each being of sound mind and memory, do hereby make, ordain, publish and declare this our joint and several Last Will and Testament hereby revoking any and all former wills by us heretofore made.

The above language and the remaining parts of the will do not indicate that a binding contract had been formed. There is nothing in the will, and no evidence was presented to the court, outside of the two wills in question, to demonstrate that the joint will was executed pursuant to any contract or agreement. Although the court in *In re Estate of Baughman*, 20 Ill.2d 593, did not pass upon the question of whether or not a joint will in that case was a valid, enforceable agreement and a contract not to revoke, it did quote extensively from the *Brück* case. The reasoning applied in the approach to this problem as developed by these two cases serves as a firm foundation for certain guidelines in reaching a fair and

just decision. These guidelines were developed from a study of the opinions which have treated the problem, and were followed in *Helms v. Darmstatter*, 34 Ill.2d 295, and *In re Estate of Bell*, 6 Ill.App.3d 802. The courts have considered them to be integral parts of any joint and mutual will that is considered irrevocable. The guidelines are: Testators agree the disposition cannot be revoked by one without the consent of the other; the agreement must appear either in the provisions of the joint will itself, or some reference to such an agreement should be made in the will, or evidence produced upon a hearing showing such an agreement; the joint will must include the mutuality of promises or reciprocal consideration therefor; the intent of the testators to merge both estates into one *corpus;* a limitation on the use of the property by the surviving spouse.

In the most recent case in Illinois on the subject, *In re Estate of Bell*, 6 Ill.App.3d 802, 804, the court did not decide the question of the right to revoke joint and mutual wills after the death of one testator. However, the opinion stated, "we find strong authority to support the proposition that the mutual promises of the husband and wife as joint testators constitute a sufficient consideration to effectuate their execution of a joint will with reciprocal or identical dispositions of property by each to the other and thereafter in accordance with a common plan." This case also cites *Helms v. Darmstatter, supra*, in holding that "the testators intended to merge all their property into one *corpus* * * * with the intention that, upon death of the survivor, all of their property should be enjoyed in approximately equal shares by *beneficiaries on both sides of the family*." (Emphasis supplied.) (6 Ill.App.3d 802, 805.) In the *Bell* and *Darmstatter* cases, children by previous marriages were involved, and the opinions of the courts are understandable because of the language of the will and the circumstances surrounding the making of the instrument.

■■ In the instant case, the 1969 will of Arthur Mueller replaced the three charitable organizations as primary and residual legatees with Mueller's adopted daughter, Martha Getz, and her children. There was no evidence presented concerning the execution of either will or the intent of the Muellers. The joint will does not state the mutuality of promises or reciprocal consideration thereof. The will does not provide for the liquidation of the assets or the joinder of them into one corpus as in the *Darmstatter* case. Finally, there are no limitations on the use of the property by the surviving spouse.

We believe that no equities exist that would permit us to enforce the prior will in the absence of the formalities discussed above for joint and mutual wills. The case before us does not present the situation of children by a former marriage or attachments made by the previously de-

ceased spouse which were so intertwined with desires for disposition of property. We must, therefore, view the 1969 will of Arthur Mueller in light of the principles mentioned above. In that light, the will is a valid exercise of the testamentary intent of the deceased, and we affirm the judgment of the Circuit Court of Madison County.

Affirmed.

KARNS and JONES, JJ., concur.