Lee WISLER, Appellant,

v.

Kenneth McCORMACK, as Executor of the Estate of Bertha S. Weis, Deceased, Appellee.

No. 3-1179A310.

Court of Appeals of Indiana, Third District.

July 2, 1980.

Rehearing Denied Aug. 1, 1980.

---

Samuel Schulman, George T. Patton, South Bend, for appellant.

Gerald A. Kamm, Doran, Manion, Boynton, Kamm & Esmont, South Bend, Harold J. Cook, Mishawaka, for appellee.

HOFFMAN, Judge.

This appeal involves determination of whether the joint will of a husband and wife embodies an agreement by each of the testators to dispose of their respective estates in the manner specified in such will.

In 1947 Clayton and Bertha Weis, husband and wife, executed a joint will which provided as follows:

"KNOW ALL MEN BY THESE PRESENTS:

"That we, Clayton E. Weis and Bertha S. Weis, husband and wife, of St. Joseph County, Indiana, both being of sound mind and memory, do make, publish and declare this instrument to be jointly as well as severally, our last will and testament, hereby revoking all former wills.

1. We direct that all just debts and funeral expenses shall at all times be fully paid and the erection of monument and markers.

2. Upon the decease of the said Clayton E. Weis, we give and devise all of the property owned by the said Clayton E. Weis in the South East Quarter (¼) of the South East Quarter (¼) of Section Twenty-eight (28), Township Thirty-seven (37) North, Range Three (3) East, in St. Joseph County, Indiana; unto Carl M. Fulmer.

3. Upon the decease of the said Clayton E. Weis, we give and bequeath unto the Coalbush Evangelical United Brethren Church of Penn Township, St. Joseph County, Indiana, the sum of Ten Thousand ($10,000.00) Dollars.

4. We give, bequeath, and devise all of the rest and residue of our property, real as well as personal, of which we may be possessed or entitled to dispose of at the time of the decease of either of us, to the survivor.

5. Upon the decease of the survivor of us, we give, bequeath, and devise all of the property of such survivor, real as well as personal, to the nephews and nieces of each of us, to be shared by them as tenants in common, share and share alike.

6. We nominate and appoint the said Carl M. Fulmer to act as executor of this, our last will and testament.

"In witness whereof, we have hereunto subscribed our names this _____ day of June, 1947.

(Signed) Clayton E. Weis,
(Signed) Bertha S. Weis

"The foregoing instrument, consisting of one typewritten page besides this one, was, at the date thereof, signed, published, and declared by the said Clayton E. Weis and Bertha S. Weis to be their joint and several last will and testament, in the presence of us, who, at the request of each of them and in their presence, and in the presence of each other, have signed our names hereunto as witnesses hereto.

(Signed) Phyllis Albright
(Signed) Charles Davis"

Clayton died in 1965 and the joint will was admitted to probate shortly thereafter. In 1975 Bertha executed a second will by the terms of which she revoked any former wills and disposed of her estate in a manner substantially different than that set forth in the joint will.

■■■ Following Bertha's death in 1978 the latter will was admitted to probate. Lee Wisler (claimant) filed a claim against Bertha's estate representing that he was entitled to a share of her estate as a residuary devisee under the joint will. In his answer to request for admissions, claimant acknowledged that there was no evidence to substantiate his claim other than the terms of the joint will. Subsequently, the trial court rendered summary judgment against the claimant and it is from this action that he appeals.[1]

■■ At the outset it should be observed that one seeking to establish an agreement not to revoke assumes the burden of proving irrevocability by evidence clear, definite, convincing, unequivocal and satisfactory. *Lawrence v. Ashba* (1945), 115 Ind.App. 485, 59 N.E.2d 568. The rationale for this more exacting measure lies in the serious and far-reaching consequences of such an agreement. A valid contract not to revoke a will in effect prevents the surviving spouse from altering his or her estate plan to suit intervening changes of circumstances which may have rendered provisions of the joint will so inappropriate or unfair that the deceased spouse, had he or she lived, would have desired or sanctioned the changes in the testamentary provisions. *Lamberg v. Callahan* (2nd Cir. 1972) 455 F.2d 1213.

■ Surveying only what is contained in the four corners of the joint will claimant urges that the use of the words "we," "us," "our" and "jointly and severally" along with the act of making a joint will supplies evidence of an underlying contract or obligation. While all these matters may be considered as some evidence in determining the nature of the instrument, they do not demonstrate by clear and convincing evidence that the testators intended their understanding to constitute a binding contract. Rather the terms of the joint will merely indicate an understanding between Clayton and Bertha to execute their wills in joint form.

■ Chief among the criteria in determining if a joint will is contractual is whether the will sets forth a comprehensive plan for disposing of the testators' interests as one corpus. *Knolle v. Hunt* (1977), Tex. Civ.App., 551 S.W.2d 755. In *In re Estate of Mueller* (1975), 26 Ill.App.3d 163, 324 N.E.2d 674, at 676, the preamble contained in the joint will of the testators stated that:

---

1. This case is a proper one for disposition by summary judgment since the legal issue involved is whether the terms of the joint will alone disclose a contract not to revoke. As a general rule, the interpretation, construction or legal effect of a will is a question to be determined by the court as a matter of law. *Fischer v. Kaylor* (1969), 145 Ind.App. 148, 250 N.E.2d 19.

" 'Know All Men By These Presents, that we the undersigned, Arthur C. Mueller and Hilda M. S. Mueller, husband and wife of the County of St. Clair and State of Illinois, each being of sound mind and memory, do hereby make, ordain, publish and declare this our joint and several Last Will and Testament hereby revoking any and all former wills by us heretofore made.' "

In holding that neither the above language nor the remaining parts of the will indicated that a binding contract had been formed the court noted:

> "The reasoning applied in the approach to this problem as developed by these two cases serves as a firm foundation for certain guidelines in reaching a fair and just decision. These guidelines were developed from a study of the opinions which have treated the problem, and were followed in *Helms v. Darmstatter*, 34 Ill.2d 295, 215 N.E.2d 245 and *In re Estate of Bell*, 6 Ill.App.3d 802, 286 N.E.2d 589. The courts have considered them to be integral parts of any joint and mutual will that is considered irrevocable. The guidelines are: testators agree the disposition cannot be revoked by one without the consent of the other; the agreement must appear either in the provisions of the joint will itself, or some reference to such an agreement should be made in the will, or evidence produced upon a hearing showing such an agreement; the joint will must include the mutuality of promises or reciprocal consideration therefor; the intent of the testators to merge both estates into one *corpus* ; a limitation on the use of the property by the surviving spouse.

> \*     \*     \*     \*     \*     \*

> "The joint will does state the mutuality of promises or reciprocal consideration thereof. The will does not provide for the liquidation of the assets or the joinder

of them into one corpus as in the *Darmstatter* case. Finally, there are no limitations on the use of the property by the surviving spouse." (Original emphasis)

324 N.E.2d 674, at 676–677.

In the case at bar the joint will provided in part:

> "2.  Upon the decease of the said Clayton E. Weis, we give and devise all of the property owned by the said Clayton E. Weis in the South East Quarter (¼) of the South East Quarter (¼) of Section Twenty-eight (28), Township Thirty-seven (37) North, Range Three (3) East, in St. Joseph County, Indiana, unto Carl M. Fulmer.

> "3.  Upon the decease of the said Clayton E. Weis, we give and bequeath unto the Coalbush Evangelical United Brethren Church of Penn Township, St. Joseph County, Indiana, the sum of Ten Thousand ($10,000.00) Dollars.

> "4.  We  .   .   .  devise all of the rest and residue of our property  .   .   .  to the survivor."

Thus, the realty and the $10,000 were treated as separate devises since they passed to the respective devisees upon Clayton's death and not necessarily upon the survivor's death. Insofar as there was no joinder of all their assets into one corpus, this is strong evidence that the will of each testator was separately expressed within a single instrument.[2]

■ Moreover, the will does not contain a specific recital that it is contractual. While it does employ the words "we," "us," and "our" these words by themselves do not establish the existence of a contract for they may amount to nothing more than the natural usage of language by two testators executing their wills in one document. *Reynolds v. Park* (1975), Tex.Civ.App., 521 S.W.2d 300.

---

**2.** *Estate of Maloney v. Carsten* (1978), Ind. App., 381 N.E.2d 1263, relied upon by claimant is inapposite. There the preamble to the will stated that the purpose of the testators in executing the joint will was to make a final disposition thereof upon the death of the survivor.

In the instant case no comparable language can be found. Furthermore, in *Carsten* the assets of both parties were merged into one corpus to be divided upon the death of the survivor. Such was not the case here.

For these reasons it must be concluded that claimant has failed to sustain his burden of proving a contract not to revoke by clear and convincing evidence. Consequently, the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., concurs.

STATON, J., concurs in result.