*In re* ESTATE OF MARCYANNA SIGNORE, f/k/a Marcyanna Swiatek, Deceased (Angelo Signore, Petitioner-Appellee, v. Margaret Kieskowski, Ex'r of the Estate of Marcyanna Signore, f/k/a Marcyanna Swiatek, Respondent-Appellant).

First District (3rd Division)   No. 86—143

Opinion filed November 19, 1986.

Donald A. Carr, of Carr & O'Rourke Associates, of Chicago, for appellant.

Sidney J. Goldstein, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Respondent, Margaret Kieskowski, executor of the estate of Marcyanna Signore, appeals from a trial court order in favor of petitioner, Angelo Signore, decedent's second husband. The trial court found that decedent's will was not a joint and mutual will made by decedent and her first husband, who predeceased her, and that petitioner could therefore renounce decedent's will and receive one-half of the estate. The court also found that petitioner was entitled to $10,000 as a stat-

utory spouse's award.

On December 21, 1973, decedent and her first husband, Stanley J. Swiatek, executed a single testamentary instrument. Swiatek died on October 27, 1975, and decedent subsequently married petitioner. Decedent died on January 25, 1985, leaving petitioner as her only surviving heir. No children were born from either marriage, but petitioner had children from a previous marriage.

The will is entitled "Last Will and Testament of Stanley J. Swiatek and Marcyanna M. Swiatek." The relevant portions of the will include an introductory paragraph, which states: "[T]his instrument [is] to be our Last Will and Testament, with full reservation by both or either of us to change the terms hereof at any time \*\*\*." Paragraph one directs that "all our respective just debts and funeral expenses be paid out of our respective estates as soon after our deaths as conveniently possible." Paragraph two states that "I, Stanley J. Swiatek, hereby give \*\*\* my property as follows," and proceeds to make specific bequests of his tools, compressor, and fishing poles, with the remainder of the estate to his spouse "as her own absolute property." Paragraph three states that, "I, Marcyanna M. Swiatek, hereby give \*\*\* my property as follows," and proceeds to make specific bequests of her car to her husband, and all jewelry, furs, and personal apparel and articles to her mother, with the remainder to her spouse "as his own absolute property." Paragraph four recites: "Upon the death of the survivor of us, or in the event of our simultaneous deaths, the survivor of us, or we, do hereby give, devise, and bequeath all of our property, of whatever nature, whether personal, real property, or mixed, as follows." Paragraph four goes on to grant specific bequests of personal property to five people, with the remainder to respondent. Paragraph seven states that Swiatek has three children and that none of them shall share "in this, my estate." The will's attestation clause refers to "their Joint Last Will and Testament."

On March 8, 1985, letters of office were issued to respondent as the named executor under the will. Respondent is also decedent's mother and a legatee under the will. Petitioner filed a renunciation of decedent's will, and elected to take his one-half share of decedent's estate as the surviving spouse. Petitioner subsequently asked the court for a spouse's award and for a finding that he was entitled to receive one-half of the estate. Respondent filed an inventory showing that decedent's estate was valued at $94,300.

After hearing arguments, the court found that the will is a joint will and not a joint and mutual will because it permits either testator

to change the terms of the will at any time. Moreover, the court found that even if it had been a joint and mutual will, petitioner would still be entitled to a surviving spouse's award. The court awarded petitioner his one-half share of the estate, and $10,000 as the minimum statutory amount which can be awarded to a surviving spouse. Subsequently, the court denied respondent's motion to vacate the order.

■ The principal issue of the case is whether the trial court erred in concluding that the 1973 will was not a joint and mutual will which became irrevocable upon the death of decedent's first husband. A joint will is a single testamentary instrument which contains the will of two or more persons, is executed jointly, and disposes of property owned jointly, in common, or in severalty by the testators. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 150 N.E.2d 144.) A joint will may or may not be mutual.

A joint and mutual will is a single testamentary instrument which contains the wills of two or more persons and is executed pursuant to a contract between the testators requiring the survivor of them to dispose of the property as the will's provisions instruct. The joint and mutual will itself may comprise the contract. (*In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500.) Upon the death of one of the testators, the will becomes irrevocable, the survivor is estopped from disposing of the property in a manner other than under the terms of the will, and third-party beneficiaries may enforce the contract. (*Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77.) The party arguing that the will is joint and mutual has the burden of establishing this point and it must be done by clear and convincing evidence. (*In re Estate of Mueller* (1975), 26 Ill. App. 3d 163, 324 N.E.2d 674.) Although it has been stated that a joint will of a husband and wife raises a presumption that the will was executed pursuant to a contract not to revoke the will (see *Frazier v. Patterson* (1909), 243 Ill. 80, 90 N.E. 216), later decisions have been reluctant to allow the presumption to be sufficient in itself (*In re Estate of Schwebel* (1985), 133 Ill. App. 3d 777, 479 N.E.2d 500; *Proctor v. Handke* (1983), 116 Ill. App. 3d 742, 452 N.E.2d 742). Instead, the courts look to the language of the will to determine the intent of the testator. *In re Estate of Edwards* (1954), 3 Ill. 2d 116, 120 N.E.2d 10.

In reviewing the language of the will, the court has considered various guidelines as an aid in determining whether a will is joint and mutual. Respondent urges us to rely only upon the factors listed in *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77, and not to rely on the factors listed in *In re Estate of Mueller* (1975), 26 Ill.

App. 3d 163, 324 N.E.2d 674. Both cases draw from *Helms v. Darm-statter* (1966), 34 Ill. 2d 295, 215 N.E.2d 245. Some of the factors listed in *Rauch* and *Mueller* are the same, but *Rauch* does not include irrevocability on its list. *Rauch*, however, only refers to five "common characteristics" of joint and mutual wills and does not find this list to be exclusive. On the contrary, the court in *Rauch* states that each case must be reviewed individually. Significantly, *Rauch* expressly acknowledges the hallmark of a joint and mutual will, *i.e.*, that the contractual agreement contained in a joint and mutual will becomes irrevocable after the death of one testator.

The various guidelines referred to in Illinois law, then, include whether the testators agree that no revocation was to be made by one testator without the consent of the other testator; whether the dispositions are made by both testators rather than by each of them individually; whether the will includes a disposition whereby the property goes first to the other testator and then is distributed under a scheme dividing the property equally between the families of each testator; whether the estates of each testator are merged into one common corpus; whether the agreement of mutuality is either referred to in the will or established by other evidence; whether the will imposes a limitation on the use of the property by the surviving spouse; whether the testators assign the label of "joint and mutual" to the will; and whether the testators use plural pronouns and terms such as "we give" in the will. See *Helms v. Darmstatter* (1966), 34 Ill. 2d 295, 215 N.E.2d 245; *Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 150 N.E.2d 144; *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77; *In re Estate of Mueller* (1975), 26 Ill. App. 3d 163, 324 N.E.2d 674.

■ Under these principles, we hold that the trial court did not err in finding that the will is not a joint and mutual will. The testators here did not agree that the will was to be irrevocable. On the contrary, they specifically stated in the introductory paragraph of the will that the instrument included a "full reservation by both or either of us to change the terms hereof at any time." This language does not limit the revocability to a time prior to either testator's death. Instead, the language clearly expresses the testamentary intent that the will would remain revocable at any time by either testator. Thus, neither testator was deprived of the right to change the terms of the will either before or after the other testator died. It would be a strained construction to give the language any other effect. In *Platz v. Walk* (1954), 3 Ill. 2d 313, 315, 121 N.E.2d 483, the will stated: " '[N]otwithstanding the fact that this will is a mutual will, we expressly

grant unto the survivor of us the right to change any and all provisions ***.' " The court found that language to be determinative of the issue and held that the will was not joint and mutual. The court stated that this was true despite the presence of other factors indicating the contrary. Similarly, in light of the clear intent expressed in language which prefaces the entire instrument here, we find that paragraph four, under which the surviving testator distributes the remaining property, does not alter our holding. A fair construction of the will requires us to give effect to the introductory paragraph, which clearly serves the purpose of avoiding any argument that the joint will was mutual or irrevocable.

Furthermore, the will before us does not include a disposition whereby the entire estate first goes to the other testator and then is distributed under a scheme dividing the property equally between the families of each testator. Here, the estates of each testator are not merged into one common corpus. Instead, the testators first dispose of certain property individually. Swiatek makes specific bequests in paragraph two, and decedent makes specific bequests in paragraph three. Each testator's specific bequests are of different property and to different people. Swiatek's children from a prior marriage are not provided for at all in the will.

■ Additionally, in paragraphs two and three, where each testator makes individual bequests, they also grant the remainder to the other testator "as his [or her] own absolute property." Respondent relies on *Rauch v. Rauch* (1983), 112 Ill. App. 3d 198, 445 N.E.2d 77, for the proposition that the word "absolute" does not mean the survivor has complete control over the property, including the power to change the dispositive scheme. In *Rauch,* however, the court relied on *Helms v. Darmstatter* (1965), 56 Ill. App. 2d 176, 205 N.E.2d 478, aff'd (1966), 34 Ill. 2d 295, 215 N.E.2d 245, where the court found that equal treatment of family members was so clearly provided for in the instrument that a contrary testamentary disposition based on the word "absolute" was illogical and prohibited. The present case does not include facts where the members of each testator's families are treated equally. In fact, Swiatek's children are disinherited. Moreover, when the word "absolute" is used, it requires great clarity of expression in another clause to cut down the devise to that of a life estate. (*Platz v. Walk* (1954), 3 Ill. 2d 313, 121 N.E.2d 483.) No such language appears here. On the contrary, given the fair meaning of the language "as his [or her] own absolute property," the will shows that the testators' purpose was to avoid any contention that the survivor would not have the right to dispose of the estate as he or she might

choose.

■ Furthermore, the will contains no express reference to an agreement or mutuality of promises, or reference to any reciprocal consideration. Moreover, the fact that the attestation clause uses the language "joint last will and testament" does not alter our holding because a joint will is not the same as a joint and mutual will, as defined above. Nor is an attestation clause dispositive of the distribution of property. (See *In re Estate of Edwards* (1954), 3 Ill. 2d 116, 120 N.E.2d 10.) The fact that the testators used plural pronouns in some paragraphs is balanced by the use of individual pronouns in other paragraphs making various bequests. We conclude that there is nothing in the language of the will nor any evidence presented to the trial court to demonstrate that the will was executed pursuant to a contract. (See *In re Estate of Mueller* (1975), 26 Ill. App. 3d 163, 324 N.E.2d 674.) We cannot enforce the will as a joint and mutual instrument absent the formalities discussed.

■ Respondent also contends that petitioner cannot renounce decedent's will because it is a joint and mutual will and therefore became an irrevocable contract as to decedent, who survived her first husband. Because we have found that the will is not joint and mutual, petitioner, as surviving spouse of decedent, was not precluded from renouncing decedent's will. The trial court properly awarded petitioner one-half of the estate of decedent, who left no descendants. Ill. Rev. Stat. 1985, ch. 110½, par. 2—8.

■ Respondent finally contends that the court erred in awarding petitioner a statutory spouse's award because the condition of the estate was such that the assets passed entirely under the joint and mutual will's terms and that thus no assets remained out of which to fund a spouse's award. Section 15—1 of the Probate Act (Ill. Rev. Stat. 1985, ch. 110½, par. 15—1) provides that a surviving spouse shall be allowed such sum of money as the court finds reasonable for the spouse's proper support for nine months after decedent's death, "in a manner suited to the condition in life of the surviving spouse and to the condition of the estate." The minimum amount to be awarded is $10,000. (Ill. Rev. Stat. 1985, ch. 110½, par. 15—1(a).) Because we have found that decedent's will is not joint and mutual, this argument has no merit. Furthermore, a spouse's award under section 15—1 is not an inheritable interest in the property of decedent, but is a preferred claim and a debt of the estate. (*In re Estate of Caffrey* (1983), 120 Ill. App. 3d 917, 458 N.E.2d 1147.) Under the language of decedent's will, all debts must be paid out of the estate. Thus, the $10,000 awarded to petitioner under the statute is a debt against the

estate, which is valued at $94,300, and is paid prior to distribution of the estate's assets.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and WHITE, J., concur.